### CALHOUN v. COZZENS.

1. Upon a motion to quash an attachment, every thing stated in the proceedings must be taken to be true, and nothing beyond, shall be intended prejudicial to the plaintiff.

2. It will not be inferred against the plaintiff on a motion to quash, that he is a non-resident, merely because the affidavit on which the attachment is founded, goes beyond what is necessary, where the proceeding is by a resident creditor against a non-resident debtor; and because the bond is indorsed with the approval of the Judge of the county court. And such is the law notwithstanding the superfluous facts stated in the affidavit, and the approval of the bond would seem to indicate that they were intended to conform to the remedy when prosecuted by a non-resident creditor.

3. Where the fact of the plaintiff's non-residence does not appear on the proceedings in a suit by attachment, if the defendant would avail himself of it to show their defectiveness, he must plead it in abatement.

THIS was a suit by attachment for the recovery of the amount of a promissory note, by the defendant in error against the plaintiff, in the Circuit Court of Tuskaloosa.

The affidavit, after properly describing the amount and evidence of the indebtedness affirms " that said Ewing F. Calhoun resides out of this State, so that the ordinary process of law cannot be served on him, and further, that said Ewing F. has not sufficient property within the State where he resides, in the knowledge of affiant, wherefrom to satisfy said debt; and that an attachment is not sued out for the purpose of vexing or harrassing the said Ewing F. Calhoun," &c.

The bond is in due form, attested by the Justice of the Peace

who issued the attachment and bears date the 6th August, 1840, with an endorsement as follows : " I approve the within bond August 22, 1840.

M. D. Williams, Judge C. Court."

The writ of attachment after reciting so much of the affidavit as declares the indebtedness of the plaintiff in error, proceeds as follows : "and oath having been also made, that the said Calhoun resides out of this State, so that the ordinary process of law cannot be served upon him, and the said Cozzens having given bond and security," &c.

At the return term of the attachment, the defendant moved the Court to quash the same, "because the affidavit is defective and insufficient, and because there is no such bond as the law requires, &c.;" which motion was overruled by the court. Thereupon, the defendant pleaded to the merits and the cause was submitted to the jury, who found a verdict for the plaintiff, and a judgment being thereupon rendered, the defendant has prosecuted a writ of error to this court.

Peck & Lincoln Clark, for the plaintiff in error.

J. L. Martin, contra.

COLLIER, C. J.—It is insisted by the plaintiff in error, that the proceedings in this cause were instituted under the ninth section of the act of 1833, "concerning attachments." Aik. D. 40. That section gives to a non-resident creditor the benefit of an attachment against his non-resident debtor, in the same manner as if he resided within this State : "*Provided*, that such non-resident, shall give good and sufficient security, residing in this State, to be approved by the Judge of the County Court, where the property or effects may be, or any Judge or Clerk of the Circuit Court, for the amount, and with the like condition as required in other cases ; and that in addition to the oath now required by law, such non-resident plaintiff, his agent or attorney, before obtaining any such attachment as is authorised by this act, shall swear that the defendant against whom any such attachment is sued out, has not sufficient property within the State of the residence of said defendant, within the knowledge or belief of such non-resident plaintiff, his agent or attorney, wherefrom to satisfy such debt or demand."

The reasons it is said, why the proceedings should have been quashed by the Circuit Court, are

1. Because the bond was not approved until sixteen days after its date and the test of the attachment.

2. Because the affidavit is not as extensive as the *proviso* cited requires.

Upon the motion to quash, no intendment could have been made prejudical to the plaintiff below, but every thing stated in the proceedings should be taken as true. Lowry v. Stowe, 7 Porter's Rep. 483.

Now it does not appear, either from the affidavit, bond or writ of attachment, that the plaintiff resided without this State, but we are required to infer that such is the fact, because the affidavit goes beyond what is necessary, where the proceeding is by a resident creditor against a non-resident debtor, and because the bond is endorsed with the approval of the Judge of the County Court. It is certainly true, that in order to obtain an attachment against a non-resident debtor at the suit of a resident creditor, the affidavit need only state the indebtedness and the non-residence of the defendant, and negative any impropriety of motive in suing out the same. Nor does the bond require approval in any other manner, than by the officer who issues the attachment; yet we cannot, according to any principle heretofore recognised, intend, in the absence of any direct or indirect allegation or recital, that the plaintiff below resided without the State. But the legal and reasonable presumption upon this record, is, that the plaintiff states more in his affidavit than was essential, and the indorsement of the Judge of the county court, was a mere act of supererrogation.

We do not deem it necessary to inquire, whether the refusal to quash an attachment, is in any instance, revisable on error, or whether the defendant should not, where his objection is to the affidavit or bond, resort to a plea in abatement. Aik. Dig. 38, sec. 3—Acts of 37, p. 62, sec. 4. In the case at bar, if the objection to the proceedings was available, it could only have been brought to the view of the court by a plea in abatement.

We have only to add, that the judgment is affirmed.