# QUIGLEY v. CAMPBELL & CLEVELAND.

1. Where a judgment is obtained against an administratrix in a suit where she is the plaintiff, (under our statute of set off; Aik. Dig. 181, § 174,) upon the certificate of the jury, that the plaintiff is indebted to the defendant, and she is afterwards sued on a *devastavit*, such judgment raises no presumption of assets in her hands.

WRIT of Error to the Circuit Court of Mobile county.

This is an action of debt by Campbell & Cleveland, against Mrs. Quigley, to charge her personally for the amount of a judgment, recovered against her, as the administratrix of William Quigley, deceased. The declaration is in the usual form, alleging that assets came to her hands and had been wasted and converted to her own use.

The only question argued, arose upon a demurrer to evidence,

on which the Circuit Court gave judgment for the plaintiffs, and which the defendant now seeks to reverse.

The record given in evidence, discloses that Mrs. Quigley, as the administratrix of William Quigley, deceased, brought an action of *assumpsit* against Campbell & Cleveland, to which they pleaded the general issue, with notice of set off. That cause was tried at the fall term, 1838, of the Circuit Court of Mobile county, when the jury found a verdict for the defendants, and also certified a balance to be due from the plaintiff to the defendants of $1223. On this verdict a judgment was rendered, that the plaintiff should take nothing by her writ, but that the defendants should recover of her the sum so certified to be due them, as well as the costs of suit. The plaintiff shewed nothing in evidence, but this record and the execution issued on it, which was introduced for no other purpose than to show the amount of the costs.

The defendant introduced no evidence whatever.

STEWART, for plaintiff in error, insisted there was no sufficient proof of assets, or of a *devastavit*.

Dunn, *contra*—cited, and relied on the case of Burke v. Adkins, [2 Porter's Rep. 236.]

GOLDTHWAITE, J.—An administrator becomes personally liable for the debt of his testator whenever assets in sufficient quantity to answer the debt have come to his hands, and have been wasted or misapplied by him. Wheatly v. Lane, [1 Saund. 216.] The presumption, or rather the proof of assets, is usually deduced from the omission by the administrator to plead *plene administravit*, but we take it for granted that neither presumption or proof can arise from a judgment *quando acciderunt*, and it seems that the judgment given in evidence is entitled to no greater consideration.

It will readily be perceived that it is one of unusual character; it is given, if at all, by the statute of set off. [Digest, 281 § 126;] but conceding it to be regular, it cannot be construed as an admission of assets, for the reason that the administratrix has had no opportunity to shew the condition of her administration.

We are satisfied that no recovery can be had in this case, without showing assets unadministered at the time of the judgment, or

that sufficient have since come to her hands, and have been wasted by her, or misapplied.

The judgment is reversed and cause remanded.