# YARBOROUGH'S EX'R v. SCOTT'S EX'R.

1. A *fieri facias* was issued against the property of H Y, C B M and others, and levied on certain slaves as the property of the former; to which D Y interposed a claim and gave bond to try the right, pursuant to the statute. On the trial, the plaintiff in execution offered as a witness, C B M, to prove that the slaves in question were the property of H Y: *Held*, that he was interested in subjecting them to the satisfaction of the execution, and therefore an incompetent witness.

2. Where a judgment against an executor or administrator is rendered *de bonis propriis*, when it should be *de bonis testatoris* or *intestatis*, it will be treated as a clerical misprision, amendable on motion, or on error, at the costs of the plaintiff in error.

WRIT of Error to the Circuit Court of Perry.

The testator of the defendants in error recovered a judgment in the Circuit court of Perry against Charles B. McKinney, Walter A. Parrish and Henry Yarborough, as partners trading under the style of McKinney, Parrish & Co., and Wilson McKinney and Charles B. McKinney, partners trading under the style of W. & C. B. McKinney, for the sum of two thousand two hundred and seventeen dollars, besides costs. An execution was issued on this judgment on the 26th September, 1840, and levied on sundry slaves, to which David Yarborough made affidavit of title, and executed bond with surety, with a view to the trial of the right of property, as required by the statute. Pending the case thus made in the Circuit court, the claimant died, and the plaintiff in error was made a party in his stead; and the plaintiff in execution having also died, the defendants were substituted as parties.

An issue was made up, and submitted to a jury for the trial of the right of property. Pending the trial, the claimant's executor excepted to the ruling of the Judge. It was proved, that the slaves levied on by the execution, were seised as the private and individual property of Henry Yarborough, and the plaintiff offered Charles B. McKinney, one of the defendants in execution, to show, that the slaves belonged to Henry Yarborough. The claimant objected to the competency of this witness, but his objection was overruled, and the witness allowed, by the court, to give evidence; thereupon, the claimant excepted, &c.

The jury found the slaves subject to the execution, on which a judgment of condemnation was rendered; and that the claimant's executor pay the costs.

Davis, for the plaintiff in error.—McKinney was not a competent witness for the plaintiff in execution. If he was, the judgment is irregular in being rendered against an executor (who came in pending the cause) *de bonis propriis*.

No counsel appeared for the defendants.

COLLIER, C. J.—The admissibility of one of the defendants in execution to give evidence against the claimant, depends upon the question, whether it was his interest to condemn the property. It has been decided, and may be regarded as settled law, that where the claimant, in a case like the present, deduces a title to

Yarborough's ex'r v. Scott's ex'r.

the property through the defendant in execution, the latter is, in general, a competent witness for either party, on the ground that his interest is balanced. If the plaintiff fails in obtaining satisfaction of his execution, the defendant still remains liable to its payment; and if the property is wrested from the claimant by a judgment of condemnation, he is liable to the latter upon his warranty of title, which is implied in every sale of personal chattels.

But in the case before us, it does not appear that the defendant who testified against the claimant, was in any manner responsible to the latter, if unsuccessful, or that a title was attempted to be deduced through him or either of the other defendants in execution; while on the other hand the condemnation of the property, and its appropriation would *pro tanto*, relieve him from the satisfaction of the execution. The witness was competent to give evidence for the claimant; because, by supporting the claim, the execution would continue operative to the full amount. Thus we see that he had a direct interest in producing a result favorable to the party who offered him, and according to a settled rule, was improperly received. The cases are numerous to show, that a witness may testify against his interest, or where his interest is balanced, but his evidence shall be excluded where he is interested to favor the party calling him. [See them collected in 2 Phil. Ev. note 80 and 81, C. & H's ed.]

It has been repeatedly decided by this and other courts, that where a judgment against an executor or administrator is rendered *de bonis propriis*, instead of *de bonis testatoris* or *intestatis*, it will be regarded as a clerical misprision, amendable on motion. And under the act of 1824, the judgment would be amended at the costs of the plaintiff in error, if we were not compelled to reverse it upon the first question examined.

Let the judgment be reversed, and the cause remanded.