# LOOMIS, ADM'R. v. ALLEN.

1. The statute which authorizes an attachment in favor of a resident citizen, against the executor, or administrator, of his deceased non-resident debtor, can only be levied on the property of the deceased within this State, which has not come to the possession of his personal representative, so as to be assets in his hands.

2. When such an attachment is improperly sued out, it must be abated by plea, and cannot be taken advantage of after a judgment by default.

3. The proper judgment in such a case is the condemnation of the property levied on, for the satisfaction of the debt; and if replevied by the administrator, then against him personally, to be discharged by the delivery of the property.

4. Where the judgment is *de bonis propriis,* in such a case, and not in the alternative, it will be amended in this Court, at the costs of the plaintiff in error.

Error to the Circuit Court of Sumter.

Loomis, Adm'r. v. Allen.

ATTACHMENT commenced by the defendant, against the plaintiff in error.

The defendant in error made affidavit before a justice of the peace, that Edgar Loomis, administrator of Eli O. Loomis, deceased, who, at the time of his death, resided in the State of Mississippi, was justly indebted to him in the sum of $167 80, that Edgar Loomis resides out of the State of Alabama, and that there is property, which was of the said Eli O. Loomis, at the time of his death, in the State of Alabama. Bond being executed, an attachment was issued, returnable to the Circuit Court of Sumter, which the sheriff returned, executed on a slave, and that a replevy bond had been executed, which was returned.

A declaration was filed, and judgment final, by default, rendered against the defendant, in his individual capacity, and not as administrator. From this judgment this writ is prosecuted, and the following errors assigned:

1. The affidavit is insufficient to authorize the attachment, or support the judgment.

2. The sheriff's return is insufficient to give the Court jurisdiction.

3. The Court had no jurisdiction over the person or property of the plaintiff in error.

4. The Court erred in rendering judgment, *de bonis propriis.*

5. The Court erred in rendering judgment without proof of the death of E. O. Loomis, that he was a non-resident when he died, and that the property attached was in this State.

6. In rendering judgment, when it no where appears in the record that the plaintiff was a citizen of the State.

REAVIS, for the plaintiff in error. This proceeding is under the statute, (Clay's Dig. 58, § 14,) and can only be taken by citizens of the State.

If this is, as contended, a proceeding *in rem,* the Court could not render a judgment without proving the facts, which authorized the suing out of the attachment. [5 Ala. Rep. 239.] The return of the sheriff ought to show the facts, giving the jurisdiction, or it should appear by proof *aliunde,* by analogy to similar proceedings in admiralty. [9 Porter, 111.]

In this case it does not appear that any one had authority to

replevy, and the sheriff having lost the possession, the Court had no jurisdiction.

The judgment cannot be amended in such a case as the present.

BLISS & BALDWIN, contra. It does appear from the bond, that Evan Allen is a citizen of Alabama, but if it did not, the defect could only be reached by plea in abatement. The fact, if it be so, that the slave levied on was not in the State, at the time of the death of the debtor, is unimportant. A suit commenced by attachment, does not differ from a suit by capias, except in the mode of commencing it. [2 Ala. Rep. 328.] The execution of the replevy bond, is evidence of notice, and gives the Court jurisdiction, and the judgment by default, is an admission of the facts stated in the declaration.

ORMOND, J.—The attachment in this case is issued upon the following clause of the attachment law : " And in case of the death of any debtor residing out of the limits of the State, having lands or other property therein, the creditor resident within the State, shall in like manner be entitled to recover by attachment, against the executors, and administrators; and execution shall issue. accordingly, against the property so left within the State." [Clay's Dig. 58, § 14.] The design of this statute appears to have been, to give the resident creditor a remedy against the property of his deceased non-resident debtor, without taking out letters of administration. To accomplish this, it permits the attachment to issue against the non-resident executor or administrator of the deceased non-resident debtor, to be levied on the property of the debtor left within this State.

We entertain no doubt, that the attachment must be levied on property which the debtor left within this State, and which has not been reduced into possession by the foreign executor, or administrator, so as to be assets in his hands. It is equally clear, that the attachment can only be sued out by the resident citizen. As neither of these facts appear on the face of the proceedings, it becomes necessary to inquire, how they may be taken advantage of.

The 31st section of the attachment law, (Clay's Dig. 61,) expressly declares, that it shall not be necessary to state in the affidavit made for the purpose of suing out an attachment, that the plaintiff is a resident, and that if any one not authorized should sue out an attachment, it may be abated on plea. So, in a previous part of the act, it is provided, "that every attachment issued without bond, and affidavit, taken and returned as aforesaid, shall be abated, on the plea of the defendant."

Accordingly it was held in Jackson v. Stanley, 2 Ala. Rep. 326, that when the fact of the non-residence of the plaintiff did not appear in the affidavit, advantage could only be taken of it by plea in abatement. To the same effect is Calhoun v. Cozzens, 3 Ala. Rep. 21; and it is considered in the case first cited, that the effect of our statutes regulating this proceeding, is, that where the jurisdiction is not questioned by a plea in abatement, suits commenced in this mode, are upon the same footing with suits commenced by writ.

It is urged, that the attachment authorized by this section of the act, is peculiar, acting as it does upon the property levied on, and that the other portions of the act requiring the jurisdiction to be questioned by a plea in abatement, do not apply. We can perceive no reason for making such a distinction, and certainly the statute makes none. The 31st section before referred to, is general in its terms, it is subsequent in point of time, to the act under which this attachment was sued out, and was doubtless intended to embrace it.

Considering this, then, as a suit commenced in the ordinary mode, the default admitted the indebtedness charged in the declaration, and authorized the rendition of a judgment. What that judgment should have been, we now proceed to inquire.

It is very clear, that under this section of the attachment law, the proper fund for the discharge of the judgment, is the property levied on; the judgment of the Court should therefore be a condemnation ₖof the slave levied on by the sheriff, to the satisfaction of the debt. But as the slave in this case has been replevied by the administrator, a judgment should have been rendered against him personally, to be discharged by the delivery of the slave levied on, to the sheriff.

The judgment rendered in this case was *de bonis propriis*, but we can perceive no difference between this case and that

of a resident administrator, as to the power of this Court to amend the judgment, which we have always considered a mere clerical *misprision*. The judgment will therefore be here amended, at the cost of the plaintiff in error.