## QUIGLEY v. CAMPBELL & CLEVELAND.

1. Where transcripts of records are referred to by the bill of exceptions, but are not certified with the record as a part of it, although attached to the transcript, this court will not consider them, as there is nothing to show they were the same, used at the trial.

2. Where transcripts are so attached, and the counsel for the plaintiff in error states he is surprised by an objection to the record at the argument in this court, and asserts they were the same used at the trial, this will warrant a *certiorari*, although moved for after argument of the cause.

3. Where a judgment is rendered against the plaintiff for a specific sum in a suit commenced by him as administrator, without directing the recovery *de bonis testatoris* its legal effect, until demanded, is *de bonis propriis*, and as such it cannot be given in evidence under a declaration describing it as *de bonis testatoris*.

4. The judgment obtained against the plaintiff in a suit by him as administrator under our statute of set-off, even when properly entered *de bonis testatoris*, is no evidence of assets in a suit upon it for a *devastavit*.

5. In such a suit on such a judgment, the record of the settlement by the administrator, although of a part of the administration, is admissible evidence, as it, with the vouchers, may show the amount of the debts against the estate, the periods when paid, and the extent to which the party is liable for the alledged *devastavit*.

Writ of Error to the Circuit Court of Mobile.

DEBT by Campbell & Cleveland against Mrs. Quigley. The declaration asserts that the plaintiffs, at the fall term, 1838, of the circuit court of Mobile county, recovered a judgment against the defendant, "as administrator of all and singular, the goods and chattels, rights and credits, which were of William Quigley at his death;" and that afterwards, that is to say, "at the fall term of said court, for the year 1838, it was considered by the said court that the plaintiffs should have execution against the defendant, administratrix as aforesaid, to be levied of the goods, &c. which were of the said William at the time of his death in the hands of the said defendant, administratrix as aforesaid, to be administered." A *devastavit* is then asserted, and the declaration concludes in the usual manner.

At the trial, the plaintiffs offered in evidence the transcript of a judgment had in a suit brought by Mrs. Quigley, as administratrix of Wm. Quigley, against Campbell & Cleveland, on promises to the intestate, which is in these terms: "Eliza Quigley, administratrix of William Quigley, deceased, v. Wm. A. Cleveland and James Campbell. This day came the parties, by their attorneys, and thereupon came a jury, to wit, J. S. and others, who, &c. find for the defendants, and certify from the items before them, that there is a balance due from the plaintiff to the defendants of $1223. It is therefore considered by the court, that the plaintiff take nothing by her action, but that the defendants go hence, and recover of her the sum of $1223, the amount certified to be due them by the jury aforesaid, and the costs in this behalf expended." The defendant objected to this judgment as inadmissible, but it was allowed to be read.

The plaintiffs then proved by a witness, that he, as auctioneer, had sold certain slaves, in 1836, at the instance of the defendant, as administratrix, and that the sales amounted to about $18,000. They relied on this proof to show that assets had come to her hands. The defendant then introduced, and offered to read the records of the orphans' court of Mobile county, of the administration of the estate of Wm. Quigley, showing the appointment of the defendant as administratrix, on the 15th March, 1836—that she filed an inventory of the assets, as well as an account of sales, and that a settlement of said estate had been had, and a final decree rendered by that court, in which credit was given for the slaves sold. This evidence was excluded at the instance of the plaintiffs as incompetent, because the estate was not represented insolvent, and no part of the record was sufficient to be given in evidence. The excluded evidence is referred to by the bill of exceptions, in these terms: "copies of which records, as far as material, are hereto attached as part of this bill."

In the transcript, the record of the judgment in the suit of Mrs. Quigley against Campbell and Cleveland, as well as that of the proceedings on the estate of Mrs. Quigley, in the orphans' court, are not appended or annexed to the bill of exceptions, but are copied upon the writ of error, citation and

certificate of the transcript, as containing the record of the cause now before the court, but are not in any way verified as being the proceedings which are referred to in, and made part of the bill of exceptions.

The admission of the judgment in favor of Campbell and Cleveland, and the exclusion of the record of the proceedings in the estate of William Quigley, are now assigned as error.

J. A. CAMPBELL, for the plaintiff in error, insisted—

1. The judgment was not admissible, because it is not that described in the declaration. [Van Horn v. Teasdale, 4 Halst. 379.]

2. A suit for a *devastavit* cannot be sustained, until there is a judgment finding assets in the hands of the administrator, and subjecting them to the payment of the creditor's debt. [Wms. on Ex. 1223; 2 Lomax, 458.] So a judgment *quando acciderint* will not sustain a suit for a *devastavit*. [2 Lomax, 454, § 18, 30.] And the one in this case is of no higher degree. [Quigley v. Campbell and Cleveland, 5 Ala. Rep. 76.]

3. The record of the settlement in the orphans' court was proper to show what disposition was made of the assets of the estate. It may have been, that the assets of the estate were exhausted in paying debts before the plaintiffs' demand was notified to the defendant. The suit in which the set-off was certified was commenced in April, 1837, and determined in December, 1838. Besides this, if all the assets were not sufficient to pay all the creditors, the defendant could only be liable *pro rata* to the plaintiffs, even in case of a *devastavit*, and this could be shown by the settlement, which the statute declares shall be evidence. [Digest, 304, § 37; Simkins v. Cobb, 2 Bailey, 60; Burrus v. Barton, 1 A. K. Marsh. 349; 2 Lomax, 311; 8 Verm. 234.]

HOPKINS, contra, insisted—

1. That neither of the matters excepted to could be examined, because the records were not attached to the bill of exceptions, or certified by the clerk as being those which were so attached. [Haden v. United States, 4 Porter, 396.]

2. But if the exceptions can be examined, the judgment

was admissible, because the entry shows the suit was by the defendant in her representative character, and therefore the judgment is against her in that character also. It is properly declared on as such a judgment, that being its legal effect. [1 Porter, 510; 2 Ib. 236.]

3. The record from the orphans' court was not admissible, because it shows the county judge had no jurisdiction over the cause, he having certified that he was interested in the settlement, and commissioners having been appointed to act by a judge of the supreme court. After this appointment, the county judge had no authority, yet the proceedings are before him, and consequently void, there being no repeal of the authority to the commissioners.

2. It was also properly excluded, for the reason that it does not show that the money paid out by the defendant for the estate was all paid before the plaintiffs obtained their judgment, or paid after she had notice of their demand.

3. The proceedings in the orphans' court are not evidence against a creditor, as he is not a party to them, and therefore is not bound by them; nor is the settlement in this instance one that is final, as it purports to be a settlement only so far as the administratrix had proceeded.

4. The judgment which was given in favor of the plaintiffs, and which is made the foundation of this suit, is not one *quando acciderint*, but is authorized by the statute. [Dig. 338, § 141.] Being a proper judgment, it is as much an admission of assets as any other. [2 Wms. Ex. 1200, *et seq.;* Burke v. Adkins, 2 Porter, 236; Garrow v. Emanuel, 3 Stew. 285.] The plaintiffs had the legal right to interpose their demand as a set-off to the suit of the defendant, and the judgment recovered on that set-off is as much a legal judgment as if it was rendered in a suit directly against the administratrix.

5. But independent of the judgment, the proof showed assets, and it was incumbent on the defendant at least to discharge herself. [6 Porter, 398.]

GOLDTHWAITE, J.—1. We think the exception to the records attached to the transcript is well taken, and that the certificate of the clerk, being attached to the bill of excep-

tions, without the exhibits, there is nothing in the transcript to show these were the same referred to by the bill.

2. But understanding the counsel for the plaintiff in error as stating, he is surprised by the objection now taken, and that he considered the exhibits as certified by the general certificate, as well as vouching that these exhibits were the same as used at the trial, we think it a proper case for the allowance of a *certiorari*.

Afterwards, the counsel for the defendant waived the issuing of the *certiorari*, and consented the exhibits should be considered as regularly certified.

3. Upon the merits of the case, there is small room for controversy. The judgment described in the declaration, is one against Mrs. Quigly *de bonis testatoris ;* that offered in evidence is *de bonis propriis.* That this is its legal effect, is abundantly shown by the cases in this court, in which precisely the same judgment entered in a suit against an administrator in his representative capacity, has been held at first a proper ground for reversal, and subsequently a matter of amendment in this court. [Weatherford v. Weatherford, 7 Porter, 171 ; Oliver v. Hearne, 4 Ala. Rep. 271 ; Scott v. Yarborough, 5 Ala. 221.]

If then, the judgment requires to be amended, before the plaintiff can proceed to have execution *de bonis testatoris,* it is clear such is not its legal effect until amended. That such a judgment is not admissible when one *de bonis testatoris,* is alledged in Van Horn v. Teasdale, 4 Halst. 379. In our judgment, the court erred in not excluding the record offered in evidence.

4. The other exception requires us to determine the effect which this judgment would have against the defendant if properly entered against her in her representative character. This was passed on to some extent in the case of Quigley v. Campbell, 5 Ala. Rep. 76. We there say, in effect, that a judgment obtained by the defendant against an administrator plaintiff, under the provisions of the statute of set off, cannot be construed as an admission of assets. The reason why a judgment under this statute has no effect as proof of assets against the administrator, is, that no opportunity is afforded to contest the fact of assets, to answer the particular debt as-

certained. If the plaintiff to a plea of set off was to reply a plea of *plene administravit*, she would admit the set off, and as the law stood at the time of the enactment, double replications were not allowed. [1 Chit. Plead. 614.] Under the act as it was first enacted in 1799, an execution was not allowed in the first instance, but in all cases the party was to be called on to show cause why one should not go for the sum certified to be due. [L. of Al. 457.] Its subsequent alteration in 1827, although it allows execution to issue at once upon the judgment, does not prescribe that any effect shall be given it when against an administrator, as an admission of assets, and it seems to us a harsh and unreasonable construction, when full effect can be given otherwise to its terms. No injury is done to the plaintiff by requiring him to establish that assets have come to the hands of the administrator, out of which he is entitled to payment, either in full or in part, and without such proof, there is no justice whatever in allowing him to recover.

5. This construction of the statute, as it casts the *onus* of showing assets upon the party alledging the devastavit, independent of the judgment, also lets in the administrator to show their proper administration, previous to the fixing of his liability, either by notice of the debt, or by obtaining the judgment; and for this purpose it seems to us, the record of the proceedings in the orphans' court was admissible evidence. The statute provides, that " the documents and evidence of all settlements made with executors, administrators, and guardians, shall be carefully preserved, and the settlement entered of record ; which evidence, vouchers, documents and settlement, shall be good evidence in any suit for and against such executor, &c., and shall not be impeached except for fraud in obtaining the same." [Dig. 304, § 37.] The object of this enactment was, doubtless, to provide a seeurity to persons acting in this capacity, that the vouchers, &c. passed upon as correct by the judgment of the orphans' court, should be at least *prima facie* evidence of the facts stated by them in any collateral suit. Without some such effect be given, the inconvenience to this class of persons would be im-

mense, if they were required to make out by extraneous evidence, the correctness of every payment made, or other administration of the assets by them. It will be seen we give no opinion upon the effect of this record, as it is uncalled for by the case presented; but we cannot doubt, that if the vouchers or settlement established the administration by the present defendant, of the assets of the estate, the amount of the debts against it, or the periods when they were paid, these facts were important in ascertaining whether there was a devastavit, as well as the extent to which the defendant is responsible to the plaintiffs. Upon both grounds excepted to, we think the court erred.

Judgment reversed, and cause remanded.