# Pool *v.* Minge.

### *Action on Account.*

1. *Waiver of defective process or service by appearance.* — An appearance is a waiver of any defect in the process or its service, not objected to.

2. *Sufficiency of complaint.* — In an action on an account, a complaint in the form prescribed in the Appendix to the Revised Code (p. 674) is sufficient.

3. *Clerical misprision in judgment.* — Where the summons and complaint are against the defendant individually, but add to his name the words "administrator of A. B., deceased," &c., and the complaint shows a cause of action against him individually; while the judgment is against him *as* the administrator of said A. B., deceased, but does not direct the execution to be levied *de bonis intestatis;* the judgment may be amended, so as to make it conform to the complaint, and consequently the clerical error furnishes no ground for a reversal.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. M. J. SAFFOLD.

BAILEY & LOCKETT, for appellant.

MORGAN, LAPSLEY & NELSON, *contra.*

[Pool *v.* Minge.]

B. F. SAFFOLD, J.— The errors assigned are, that the summons bears no date except of the year; that the complaint does not contain a substantial cause of action, and that the judgment is against the defendant in her representative capacity while she is charged individually.

1. The defendant appeared to the action, and thereby waived any defect in the service of process to which she did not object. *Lampley* v. *Beavers*, 25 Ala. 534; *Wheeler* v. *Bullard*, 6 Port. 352.

2. The complaint is on an account, and is in the form prescribed by the Revised Code, p. 674. These forms have been uniformly held to be sufficient, in the cases to which they are applicable, and we see no reason for a departure from the general ruling in the present case. They have the force of legislative enactments, and must be considered sufficient, unless they are shown to be so imperfect as to deprive a party of some constitutional right. *Crimm's Adm'rs* v. *Crawford*, 29 Ala. 623; *Pickens* v. *Oliver*, Ib. 528.

3. The defendant is described in the complaint as " Susan J. Pool, administratrix of the estate of R. R. Pool, deceased." The judgment is, " It is therefore considered by the court, that the plaintiff recover from the defendant, *as adm'x of R. R. Pool, dec'd*, the sum of four hundred and seventy-two $\frac{24}{100}$ dollars, the damages assessed by the jury aforesaid, together with the costs in this behalf expended, for which let execution issue." This judgment is as informal against the defendant in her representative capacity as it is in her individual character. In the first case, there ought properly to have been added, in substance, " to be levied of the goods and chattels which were of the said R. R. Pool at the time of his death, in the hands of the said Susan J. Pool as administratrix as aforesaid to be administered. " In the second, by striking out the word " as " a judgment following the complaint will be obtained. As the judgment could undoubtedly be amended in the circuit court, so as to be made conformable to the summons and complaint, there is no ground to reverse it upon this exception. R. C. § 2807; *Gunn* v. *Howell*, 35 Ala. 144; *Glass* v. *Glass*, 24 Ala. 468; *Allen* v. *Bradford*, 3 Ala. 281; *Loomis* v. *Allen*, 7 Ala. 706; *Yarborough* v. *Scott*, 5 Ala. 221.

The judgment is affirmed.