E. R. & A. FROST v. SETH BATES.

*The party excepting must see to it that copies of all papers, referred to in the bill of exceptions, and necessary to make his case perfect, are appended to the exceptions in the county court.*

*All papers belonging to the files in the county court come into the Supreme Court as a part of the case, whether they are referred to in the bill of exceptions, or not.*

This was a report of referees, judgment in the county court for plaintiff and exceptions by defendant.

In this court a question was made as to which party should produce copies of certain deeds, referred to by the referees in their report, as constituting a part of the plaintiff's title.

The COURT intimated, what they recognized as the uniform rule upon this subject, and what they supposed to be universally practised upon, viz.—that the party excepting must see to it that his
19

Frost et al. *v*. Bates.

case is made perfect in the county court, so that this court, by examining it, can see precisely what was decided by that court. For unless this court can know precisely what was decided in the court below, it cannot be determined whether there was error in their judgment, or not. And as all presumptions are here to be made in favor of the regularity of their proceedings, their judgment must always be affirmed, unless a copy of every paper, referred to in the case, is furnished. For, until a copy of the paper is before the court, the case is not *fully* presented, and it is impossible to know how any question *might* be affected by an additional fact.

To avoid embarrassment in the supreme court, when original papers, referred to in a case, are in the hands of the opposite party, it would seem but reasonable that the county court should require a copy of all papers, referred to, to be attached to the bill of exceptions, before allowing it. In the English practice such papers are always copied at length upon the record, or at least so far as is necessary to raise the question intended to be reserved. This is also the practice in many of the American states, and is surely far more correct, than that of referring to an indiscriminate mass of original papers and copies, most of which, perhaps, have nothing to do with any of the questions reserved. But, if papers are thus referred to, they must be copied by the excepting party and presented to the court, unless the other party consent to waive this, and either furnish copies himself, or consent to take the case without their being furnished. But no paper, or copy, should ever be made a part of the case, unless it is necessary, in order to present some question reserved;—and in that case a copy of the paper referred to should be attached to the case in the county court. The case would then come into this court perfect. It is understood by the court, and by the profession, it is presumed, that all papers, belonging to the files in the county court, come into this court as part of the case, whenever it is brought here upon exceptions, whether they are referred to in the bill of exceptions, or not.

NOTE by REDFIELD, J. In reporting the above decision, I am aware that I may have somewhat dilated upon the intimations formally made by the Chief Justice at the time of the decision; but it is but embodying the views of the court, as there presented and often repeated upon the circuit. The practice of

drawing up bills of exceptions, and records even, by reference to papers on file, or papers in the possession of the parties, has so long prevailed, that the court hardly expect, at once, to be able to change it;—but, at different times, every member of the present court has expressed himself decidedly opposed to it.—In confirmation of the settled English practice upon this subject it is necessary only to refer to the minutes, or paper books, of the judges, carried down from the court above, and presenting the issue distinctly joined, and all the testimony given on both sides, written out at length. From this the bill of exceptions must be drawn up *at the trial,* and signed, or rather sealed, by the judge presiding. The bill of exceptions begins by reciting the entire record, or else, as in our practice, is attached to the record. A full account of the matter will be found in B. N. P. 315—320. 14 Petersdorf Abr., 141, 142. 9 Id. 217—219. *Pocklington* v. *Hatton,* 8 Mod. 221. In this last case PRATT, CH. J., says, the bill is to be "presented at the trial, and drawn up *according to the minutes then taken.*" The form given in Buller shows that the entire testimony is recited. 11 Petersdorf Ab. 628, 629.