## FRANCIS WYMAN *versus* WILLIAM WOOD & *al.*

A reference in a bill of exceptions to papers introduced at the trial, does not make them a part of the exceptions ; and they cannot properly be taken into consideration by this Court.

That a deposition was taken on the day next preceding that on which the Court, at which it was to be used, was to commence its session, without regard to the distance of the place of caption, when no sinister purpose was in view, is not a sufficient cause for excluding the deposition.

THIS case came before the Court on the following exceptions from the District Court.

This was an action of debt on a six months bond, dated March 14, 1842.

Plaintiff read his writ and bond, which was duly executed, and stopped. Amount of bond $198,10. Said writ and bond may be referred to. The pleadings may be referred to.

The defendants produced in defence a writ in the name of said Wyman vs. said Wm. Wood, returnable to the Jan. Term of the Court of Common Pleas, 1838, dated Oct. 24, 1837, upon which was the return of an officer of the arrest of said

Wood on mesne process, and his discharge by giving a bond to notify and disclose, &c. within 15 days after final judgment, all of which were objected to by the plaintiff but were read, and may be referred to by either party. Defendants read and put into the case an execution issued on a judgment rendered at the Oct. Term, 1839, which judgment and execution may be referred to. The principal defendant was arrested on a pluries execution, issued in March, 1842. Said judgment was rendered in the before named action. He then read, though objected to, a certificate of disclosure before Wm. C. Fille-brown and Samuel Buffum, dated Oct. 26, 1839, which may be referred to. He next read, though objected to, what purported to be a copy of the record of two justices of China in the county of Kennebec, of a disclosure on Sept. 10, 1842, which may be referred to. No certificate of discharge was offered.

The plaintiff then offered the deposition of O. W. Washburn, which was objected to by the defendants, and excluded by the Court, on the ground, that it was taken on Monday, at 9 o'clock, A. M. at China, Kennebec County, forty-five miles from Bangor, only the day prior to the sitting of the Court at Bangor, Penobscot county, at which term the deposition was to be used.

Upon the foregoing, the Court instructed the jury that a full defence had been made out, and for them to bring in their verdict for the defendants.

To which instructions and rulings of the Court the plaintiff excepts, and prays the same may be allowed and signed.

These exceptions were signed by counsel for the plaintiff, and allowed by the District Judge.

Other questions were argued by the counsel, but what related to the one, merely, on which the opinion was founded, will be noticed.

*Wilson,* for the plaintiff, said that the District Court very greatly erred in the rejection of the deposition of Washburn. The statute, c. 133, § 9, makes no provision whatever as to the time of returning to Court, after the taking. The ruling of the Court was at variance with the statute, with practice,

and with precedent on the subject. *Central Bank* v. *Allen,* 16 Maine R. 41.

*Washburn,* for the defendants, contended that the deposition was rightly rejected. It was impossible for the party or his counsel to attend to the taking of the deposition, at that distance, on Monday, and be present at the opening of the Court here the next day. *Ulmer* v. *Hills,* 8 Greenl. 326, is an authority directly in point for excluding it, and by this Court, under a statute in precisely the same words, as the present.

The opinion of the Court was drawn up by

WHITMAN C. J. — This case comes before us upon exceptions taken to the instructions to the jury, and, the rulings of the Judge of the District Court, on the trial between the parties. The action is stated to be debt upon a bond given by the defendants to the plaintiff; which is said to be a six months bond ; by which it may be presumed to have been given under the statute, c. 148, in which it is provided, that a bond may be given, by one arrested on execution, for the performance of certain conditions, within six months, and thereupon be freed from his arrest.

It is not stated which of the defendants was principal in the bond. We may presume that the defendant, Wood, was, as he is the first named in it. . It is stated that the principal defendant was arrested on a pluries execution in March, 1842. On what judgment that execution was issued is not stated ; nor is it stated whether he gave the bond in suit upon that arrest or not. The bill of exceptions is singularly defective, not only in these, but in sundry other particulars. It is stated in it, that the writ, bond, pleadings and several documents, introduced by the defendants, at the trial, may be referred to. This does not make them parts of the bill of exceptions. The Court cannot in this way be put upon a search after such papers. They should be made a part of the exceptions if they are its necessary concomitants ; otherwise they should not be alluded to. As the case is presented to us, therefore, we cannot form an opinion of its general merits.

One point, whether connected with the merits or not, we cannot determine, is distinctly presented. The deposition of O. W. Washburn appears to have been offered in evidence by the plaintiff, the excepting party, which was ruled inadmissible because it was taken the day before the sitting of the Court at which the trial took place. This, we think, was erroneous. The statute is general in its terms as to the admissibility of depositions taken for the causes and in the mode prescribed. It makes no exception of such as may be taken the day before the sitting of the Court to which they are returnable. Indeed it does not exclude depositions taken even in term time; but the Courts, having power to establish rules and regulations "respecting the modes of trial and conduct of business," not repugnant to law, have provided, that parties, during term time, shall not be obliged to attend to the taking of depositions, unless, for good cause shown, the Court shall otherwise order, and except they be to be taken in the town in which the Court may be holding its session, and at an hour when it shall not be actually in session. The defendant, however, has referred us to the case of *Ulmer* v. *Hills*, 8 Greenl. 326, which, he contends, shows that this Court has decided against the admissibility of a deposition taken the day before the sitting of the Court. But there were peculiar circumstances connected with the taking of the deposition in that case, which do not exist in this. On the Saturday before the sitting of the Court, at which the deposition was offered to be used, the party objecting had been cited to attend to the taking of the deposition of the deponent, and attended accordingly at the time and place appointed, and was there informed, by the counsel of the adverse party, that he should not take the deposition; but he afterwards gave new notice of an intended caption of the deposition on Monday following, at which the objecting party was not present. It is not clearly apparent that the rejection of the deposition was sanctioned upon the ground, that it was taken the day previous to the sitting of the Court. It would rather seem that it was placed on a different ground. For the Chief Justice, in delivering the opinion of

the Court, says, "In addition to the circumstance, that the plaintiff is presumed to have been traveling to Court on the preceding day, we consider the conduct of the defendant's counsel on Saturday, as amounting to a waiver of all answer to the objection, now urged by the plaintiff." But for the latter consideration we are not prepared to believe, that the rejection of the deposition would have been sanctioned. The conduct of the plaintiff's counsel in that case, might well be believed to have been intended to circumvent or to harass the defendant; and the Court should have hesitated, in such case, to suffer such an attempt to be attended with success. To take depositions on the day before the sitting of the Court is believed to have been no uncommon practice, without regard to the distance of the place of caption from the place of trial, when no sinister purpose was in view. If the opposite party could show to the Court, that it was impossible for him to attend the caption, or that the testimony was a surprise upon him, and no undue negligence should appear to be imputable to him in reference to it, his course would be to move to put off the trial, in which the evidence was to be used, till a reasonable opportunity could be afforded to remedy the inconvenience.

*Exceptions sustained — New trial granted.*