Fish *v.* Field & Tr.

ORLANDO FISH *v.* SAMUEL F. FIELD, and DANIEL NICHOLS, Trustee.

Whether a transfer of property from the principal debtor to the trustee was fraudulent, to defeat the rights of creditors, is a matter of fact, which should be found by the county court.

Where it appeared from the disclosure of the trustee, that the property of the principal debtor had been attached on a debt for $1000, and that thereupon the principal debtor agreed with the trustee, that, if he would pay that debt, he would execute to the trustee a note for $1200, payable on demand, and would confess judgment thereon and allow him to levy and collect the same forthwith, and it appeared that this was done and the trustee collected the whole amount of the $1200 note, it was held, that he was not chargeable, under the statute, as the trustee of the principal debtor, for the $200 received by him above the sum paid out.

Where papers, referred to in the bill of exceptions, and which were placed on file at the time the case was made up, have been destroyed, without the fault of the party, previous to the hearing in this court, he will not be allowed to supply the defect by means of *ex parte* affidavits, which had not been filed in the case. But *it would seem*, that affidavits would be received for this purpose, if taken with notice, or placed on file in season to allow the opposite party to file counter evidence.

TRUSTEE PROCESS. It appeared, that the principal debtor, having been sued by the Bank of Orwell upon a debt for one thousand dollars, applied to the trustee to raise for him that sum, and agreed to

give him a *bonus* of two hundred dollars for so doing. The money was raised by the trustee and the thousand dollar debt paid therewith; and thereupon the principal debtor executed to the trustee his note for twelve hundred dollars, payable on demand, and on the same day a suit was commenced against the principal debtor upon this note, and his property was attached. The principal debtor confessed judgment in this suit,—it being part of the original agreement that he should do so,—and the trustee took out execution and collected the whole amount of the note and cost.

The county court, December Term, 1845,—BENNETT, J., presiding,—held, that the trustee was not chargeable. Exceptions by plaintiff.

*E. D. & F. E. Woodbridge,* for plaintiff, contended, that the trustee had in his hands $200, of the money of the principal debtor, to which he was neither legally nor equitably entitled; that this was usury,—to which point they cited *Floyer* v. *Edwards*, 1 Cowp. 112; and that the judgment by confession was no bar to its being held in this suit,—to which they cited 2 Stark. Ev. 585; Rev. St. c. 29, §§ 4, 34; c. 95, p. 432; Acts of 1845, pp. 18, 19; Ord on Usury 94–96; *Jackson* v. *Mosely*, cited in Ib. 95; *Bush* v. *Gower*, 2 Str. 1043; 1 Atk. 340; *Matthews* v. *Lewis*, 1 Anstr. 7; *Huntington* v. *Bishop*, 5 Vt. 186; and *Lazell* v. *Miller*, 15 Mass. 207.

*P. C. Tucker,* for trustee, claimed; 1, That the receiving the $200 was not usury,—to which he cited Ord on Usury 1; Rev. St. 366, § 3;—and 2, That, if it were usury, the judgment in favor of the trustee against the principal debtor was a bar to its recovery in this action,—to which point he cited Ord on Usury 93–96; *Middleton* v. *Hall*, Cro. Eliz. 588; *Bush et al.* v. *Gower*, 2 Str. 1043; *Matthews* v. *Lewis*, 1 Anstr. 7; *Green* v. *Kemp*, 13 Mass. 515, 520; *Stewart* v. *Downer*, 8 Vt. 320,

The opinion of the court was delivered by

REDFIELD, J. This case is, in principle, so nearly the same with that of *Barker* v. *Esty et al. & Tr.*, just decided, [*ante* p. 131,] that little need be said in regard to it. If it were a mere fraudulent transfer, to defeat the creditors of Field, we should, of course, hold

the trustee liable. But if that were so, it is matter of fact, which should be found by the county court. But the testimony does not, in our opinion, tend to prove any such secret trust, or confidence, between the parties. It seems to have been a case of outrageous oppression, a kind of duress of circumstances, but in no sense a " credit," or *confidence,* between the parties. Very likely the principal debtor might recover the money back in assumpsit; but we do not think he is, in any sense, the *creditor* of Nichols, any more than if Nichols had practiced a fraud upon him in the sale of a horse, or in the performance of any duty, as a professional man, or mechanic, or common carrier,—in all which cases assumpsit will lie for neglect, or want of skill; but that is no relation of *debtor and creditor.*

This is not strictly a case of usury; for there was no *rate per cent.,* for the reason, that there was no *forbearance.* It was literally the paying a premium *upon insurance of one's credit,*—which is not uncommon.

We have not found it necessary to examine the question, how far the confession of judgment, being a part of the original contract, would affect any remedy, which the injured party might otherwise have. It is certain, I think, that it ought not thus to be put in the power of usurers to circumvent the statute. In the English practice a warrant of attorney to confess judgment, given to cover a usurious contract, is not considered of any force to prevent the remedy. Such a device certainly ought not to be regarded as in any sense the act of the court, but of the party. And still, a judgment by confession being a formal judgment, there may be some technical difficulty in the way of redress,—but not insurmountable, I think. But this point has not been examined by the court.

Judgment affirmed.

NOTE. Upon the hearing of this case, one of the papers referred to could not be found on file; and the party relying upon it offered to show, that it was on file, when the case was made up and came into this court, but that, since that time, it had been destroyed by fire in the burning of the office of Mr. Tucker, one of the counsel. It was now proposed, to supply the defect in the case by *ex parte* affidavits, which had not been filed in the case.

BY THE COURT. We incline to the opinion, that the party must have some way of supplying this defect in his case, which seems to have occurred without any special fault of his, perhaps; but it would certainly be a dangerous precedent, to allow it to be done in the manner now proposed. Such affidavits have never been received on the trial of any question going to the merits of the case; and they certainly could not be, upon the most liberal terms of practice, unless filed in time to allow the opposite party to file counter evidence. And in that case they should, in strictness, probably, be taken upon notice to the opposite party, as in other matters of an adversary character tried in this court.

This court have often held, that, when the excepting party makes *private papers* a part of his case, he should attach a copy of all such papers to his case; and that, unless this is done, he must see that the copy is furnished, before he can be heard in support of his exceptions. The views of the court upon this subject are fully explained in *Frost* v. *Bates*, 16 Vt. 145.