May Term, 1856.

McLAIN
v.
MATLOCK.

---

## McLAIN and Others *v.* MATLOCK.

A justice of the peace has no authority, by the R. S. 1852, to appoint a constable, except to serve process in a particular cause.

A justice of the peace who has appointed a special constable, but has omitted to make an entry thereof in his docket, may make the entry, at any time, without being ruled so to do.

A religious society may prescribe such rules as they may think proper for pre-

May Term,
1856.

McLAIN
v.
MATLOCK.

*Thursday,
June 5.*

serving order, when met for public worship; and they may use the necessary force to remove a person who is disturbing the society by a wilful violation of a rule.

APPEAL from the *Hendricks* Circuit Court.

GOOKINS, J.—*Matlock*, an infant, by his next friend, brought an action against *Wilson*, *McLain*, *Brittain* and *Hurin*, for false imprisonment. The three first justified the arrest by alleging that *Wilson* was a constable of *Hendricks* county; that the plaintiff, in his presence and view, disturbed the members of a religious society, met for public worship, setting forth the particular acts of disturbance; whereupon *Wilson* arrested him, and called *McLain* and *Brittain* to his aid; that they carried him before the defendant *Hurin*, who was a justice of the peace, having jurisdiction of the offence, where he was charged on the oath of one *Thompson* with disturbing the members of said society, was tried, convicted and fined; that in doing so they used no more force than was necessary.

*Hurin* filed a separate answer, alleging that the plaintiff was brought before him, as a justice of the peace; that he was charged with said offence by one *Thompson;* that the parties not being ready for trial, the cause was continued until the following day, when the plaintiff voluntarily appeared before him and demanded a trial; that he was tried and convicted, and fined 5 dollars, and paid his fine; and that he did not in any other manner imprison the plaintiff.

Replies in denial.

There was a trial by jury, verdict for the plaintiff for 100 dollars, motion for a new trial overruled, and judgment. The record contains the evidence.

A religious society, having met for public worship at a camp-meeting, the plaintiff seated himself in that part devoted exclusively to females. On being several times requested by members of the society to remove, being informed that his sitting there was against their rules, he declined removing; whereupon the defendant *Wilson* took the plaintiff into a tent, where he was detained about half an hour, and was then set at large, the defendant *McLain* having given a pledge for him verbally that he

would appear before the justice on the following day, to answer to the charge. The defendant *McLain* assisted in his detention. Several members testified that they were disturbed by the plaintiff's conduct. On the following day, he went voluntarily before the justice, where he was tried, convicted, and fined 5 dollars, being the lowest fine fixed by law for the offence, and was adjudged to stand committed until the fine and costs should be paid or re-plevied; that he paid the fine, and no costs being claimed, he was discharged.

On the trial, after the plaintiff had closed his evidence, the defendants offered in evidence a paper purporting to be the official oath of the defendants *Wilson* and *McLain*, and two others, to support the constitution of the *United States*, and of this state, and that they would faithfully discharge the duties of the office of constable "during the continuance of the present camp-meeting." It was sworn to before the defendant *Hurin*, as a justice of the peace. The defendant objected to the admissibility of the paper, on the ground that it purported to be the oath of special constables, and that their appointment could only be proved by an entry on the docket of the justice who appointed them. It appeared that the proper constable was absent at the time. We think the paper was properly excluded, though not on the ground pointed out by the objection. The statute provides that when no constable is convenient, and an emergency exists, in the opinion of the justice, for the immediate services of one, he may appoint a constable to act in a particular cause; and shall note his appointment in such cause on the docket, and shall direct process to him by name; and he shall have the power, and be entitled to the fees, of a constable in such cause. 2 R. S., p. 471, s. 110.—*Ibid.*, 499, s. 16. Nothing is said in the statute about the appointee taking an oath. The paper offered in evidence did not purport to be an appointment, but an oath. If an oath was required, it was not required to be entered on the docket. It was the appointment that was to be there noted. Viewing this as an appointment, it would be manifestly irregular, for the

justice had no power to make it to continue during the meeting. His only power was to appoint a constable to serve process in a particular case. As no appointment was shown, either before or after this paper was offered, it could have done no good if admitted, as it would have conferred no power on the defendants *Wilson* and *McLain* to act, in the absence of an appointment. The Circuit Court probably took this view of the case, in excluding the evidence.

On the exclusion of this paper, the defendants moved the Court for a rule against the justice, requiring him to enter the appointment on his docket, and offered to prove that he had made the appointment. The plaintiff objected, on the ground that the justice was a party to the cause, and the Court sustained the objection. No such rule was necessary. If an appointment had been in fact made, the justice had power to make the entry without any rule. Especially he had no occasion to take a rule against himself to do an official act.

The defendants offered to prove, in mitigation of damages, that said *Wilson*, *Brittain* and *McLain* were officers of the church, appointed to see that its rules and orders were observed by persons in attendance, and that *Wilson* removed the plaintiff from the ground as such officer, because he refused to leave the seat he occupied, in violation of such rules; and that he used no more force than was necessary for that purpose. This evidence, on the plaintiff's objection, was excluded, and the defendants excepted.

We think the exclusion of this evidence was error. A religious society has the undoubted right to prescribe such rules as they may think proper, for preserving order, when met for public worship. In this society, the rule was that males and females should sit apart. Persons who do not approve of that mode, have a simple and easy remedy. They can remain away, or retire when informed of the rule. The plaintiff was repeatedly notified of this rule, and requested to conform to it, which he refused to do. They had a right to use the necessary force to remove him. They did so, and that was the arrest complained of. This

evidence tended to rebut the presumption that they were
moved by any malicious or improper motive in what they
did. It was consequently admissible to reduce the dam-
ages.

*Per Curiam.*—The judgment is reversed, at the costs of
*Nichols*, the appellee's next friend. Cause remanded, &c.

*J. M. Gregg* and *J. W. Gordon*, for the appellants.

*C. C. Nave*, for the appellee.