Baker *v.* McGinniss.

*S. Stansifer,* for the appellants.

*Ralph Hill,* for the appellees.

---

## BAKER *v.* McGINNISS.

PLEADING.—A complaint is good on demurrer which alleges that the plaintiff purchased of the defendant twenty-seven head of hogs for a price equal to the full value of sound hogs; that the defendant represented them to be sound and healthy; that the plaintiff relied upon said representations, having no opportunity by reasonable diligence to discover that the same were not true; that in fact they were diseased and unhealthy, being then affected with hog cholera, and known to be so by the defendant, and that afterwards twenty-five of them died of that disease, &c.

PRACTICE.—Exceptions to instructions given or refused by the Court should be specific, in order to make any error committed by the Court in connection with them available.

APPEAL from the *Shelby* Common Pleas.

HANNA, J.—Suit to recover damages for fraud in the sale of unsound hogs upon representations that they were sound. A demurrer to the complaint was overruled, upon which the first error is assigned.

The complaint avers that the plaintiff purchased of the defendant twenty-seven head of hogs for a price equal to the full value of sound hogs; that defendant represented them to be sound and healthy; that plaintiff relied upon said representations, having no opportunity by reasonable diligence to discover that the same were not true; that in fact they were diseased and unhealthy, being then affected with the hog cholera, and known to be so by the defendant, and afterwards twenty-five of them died of said disease, &c.

It appears to us the ruling on the demurrer was right. Aside from any question growing out of a supposed liability which might be incurred by the sale of a diseased animal, known to be so by the seller, and the failure to communicate that knowledge to the buyer, we have here the additional allegation that affirmative false representations were made and relied on.

The Court instructed the jury at great length in reference to the rights of the parties; the comparative weight to be given to the testimony of interested and disinterested witnesses; the measure of damages, &c. In the application for a new trial, the second reason alleged was that, "the Court erred in charging the jury as the same were charged." So in the assignment of error the second is: "The Court erred in the charge given to the jury." The exceptions to the action of the Court, in giving the charges, was in the same general form, without pointing out specifically any objection. Upon a casual examination it appears to the Court that many of the instructions given were correct, and, therefore, under repeated rulings, we have not sought to ascertain whether

there is error in said instructions which ought to have influenced the Court in refusing to give the same; or in granting a new trial, if the same had been brought specially and directly to the attention of the judge.

The same kind of general exception was also taken to the ruling of the Court in refusing to give instructions asked. We have looked to this point far enough to see that part of the instructions refused were so refused because they were asked at an improper time, and as to other parts the principles involved and thereby enunciated were embodied in those given.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*R. L. & T. D. Walpole,* for the appellant.
*Hendricks & Hord,* for the appellee.