Hayward et al. v. Catton.

---

## Edward Hayward et al.

### v.

## Joseph Catton.

1. Practice—Defective bill of exceptions.—A bill of exceptions signed by a judge, with delegated authority to a reporter to write out his notes, and to a clerk to admit them when written out, to be placed among the files, and inserted in the record in the shape of skeleton notes, with a skeleton bill of exceptions, cannot be tolerated. It amounts to nothing more than a statement that there was evidence presumably enough.
2. General exception to a series of instructions.—A general exception to a series of instructions is like a general demurrer to a declaration; if there are some good instructions, the exception cannot be noticed in the Appellate Court.

Appeal from the Circuit Court of Peoria county; the Hon. D. McCulloch, Judge, presiding.

Messrs. Hopkins & Morron, for appellants.

Mr. S. D. Puterbaugh, for appellee; that in order to bring the evidence offered on the trial before the Appellate Court, it

---

must be contained in a bill of exceptions, signed and sealed by the judge, cited Moss v. Flint, 13 Ill. 570.

LELAND, J. This was an action of debt by appellee against appellant on two injunction bonds.

The record is in a most remarkable condition. The first 842 pages, without any preceding placita, seems to be composed of a reporter's notes of evidence, without anything to indicate that they belong to this case, except that the names of the parties seem to be the same, the lawyers the same, and the subject matter a similar one, and the judge the same. "By whom and when these notes of evidence were made, transcribed and paged, does not appear anywhere on the face of these 842 pages." At the commencement of the notes are these words: "State of Illinois, Peoria County, ss.; in the Circuit Court, to October term, A. D. 1877. Joseph Catton v. Edward Hayward. Trial before Hon. D. McCulloch and a jury;" which are the first words in the supposed record. Immediately following these notes, we find the placita in the usual form for the May term, 1877, of the Peoria Circuit Court, marked page 1.

On page 2 of the new paging, the declaration filed April 6, 1877, commences, ending on page 16. On 17 and 18, a summons against Hayward alone, with service. On 19, a bond for costs. On 20, a stipulation about evidence without issues. On page 21, an exact copy of the placita on page 1. On 22, an order in relation to security for costs. On page 23, placita for October term, 1877. On pages from 24 to 35, inclusive, we find various record entries, among them a verdict, Nov. 23, 1877, and judgment, Nov. 25, 1877, against Hayward only, and order allowing twenty days to file bill of exceptions.

On page 36 is found the commencement of that which purports to be a copy of a bill of exceptions, filed Dec. 17, 1877, a portion of which we deem it necessary to transcribe, in order to make ourselves understood clearly, viz: "Be it remembered, that this day being one of the days of said term, this cause coming on for trial in said court upon the issues joined upon the merits, the parties respectively, to maintain the issues on

their respective parts, examined the witnesses whose names are set down and shown to have been examined in the report of the testimony and trial of the case of Mr. Watson, the short-hand reporter of this Court, and that said witnesses testified, respectively, as then in writing; and that the said parties, respectively, offered and gave in evidence the documentary evidence and papers, as shown in and by said short-hand reporter's report. And the court made the rulings and decisions during the trial of said cause, as set down and shown in said report, and that at the time of said trial, and at the time all such rulings and decisions were made, the party against whom the same were made, then and there objected and excepted thereto; and said Watson's short-hand report, written out and filed, or to be filed in said court, is made a part hereof. [Here insert it.] And this was all the evidence in the case offered by either party."

Without anything being inserted here, and without any certificate of the judge, other than as aforesaid, as to what should be inserted, next follows copies of thirteen instructions for plaintiff marked, given on the margin, with this at the end: "To the giving of which the defendant then and there objected and excepted"—not a several objection to each, but a joint one to all. Next follow copies of thirteen given instructions for defendant. Then follow, as near as they can be counted (some unnumbered, some with similar numbers, and some where it is a little difficult to tell whether they are whole ones, or parts of others), about nineteen refused instructions for defendant; some with the word "refused" on the margin, and some not. At the end of these last is this expression: "But the court then and there refused to instruct the jury, or to give them any or either of said last named instructions, to which refusal the defendant then and there objected and excepted." Whether these nineteen refused and thirteen given instructions were all that were asked by defendant, doth not appear.

It is then stated in the bill of exceptions that the jury returned into court their verdict as follows: [Here insert.] And the clerk has taken the liberty to add the verdict to the words "Here insert," instead of substituting it for them. Next

follows the motion for a new trial, with a copy of the reasons therefor; and at the end of all, the following: " And inasmuch as the matters and things aforesaid do not appear fully of record in said cause, defendant prays that this bill of exceptions may be signed and sealed—which is done."

D. M'CULLOCH, *Judge*.   [L. S.]

We have no means of knowledge as to when, exactly, the supposed reporter's notes were transcribed, nor when they were placed on file.    The clerk certifies, on the 17th of December, 1877, that they are not there then, and on the 31st of December, 1877, that the amendment of the record hereto attached, marked "Report of trial," is a full and correct transcript of the shorthand reporter's report called for, and referred to in and by the bill of exceptions aforesaid, as the same appears on file in my office."    It is palpable that the filling up the blank in the bill of exceptions with the evidence, was by delegation of that power to others by the judge, and that the notes were written out after the signing the bill.

The record, with its pages last mentioned, from 1 to 78, was filed December 19, 1877, and thereafter the reporter's notes were added at the beginning, with its paging from 1 to 842, under a leave to withdraw the record for amendment, and which amendment was filed on January 1st, 1878.    The court, perhaps, ought not to have permitted this, but should have had it filed as an amended detached record, and then we would have had the skeleton bill of exceptions in the original record, and the skeleton reporter's notes in the amended one.    That the reporter's notes were not transcribed when the bill of exceptions was signed by the judge, is self evident from the record.    It is also proved *aliunde* by an affidavit of appellant's attorney, sworn to on the 18th of December, 1877, and used in support of a motion for leave to file additional parts of the record, in which it is stated that the reporter has commenced within the last day or two, but is now writing up the same as fast as possible.

In the foregoing condition of the record, we feel compelled to say that, as we understand the great weight of authority, the evidence cannot be judicially seen by an appellate tribunal.

Hayward et al. v. Catton.

That, by the bill of exceptions, it appears that there was evidence in the trial below, but that it does not appear what that evidence was. That it would be dangerous in the extreme to tolerate a skeleton bill of exceptions with delegated authority to have evidence thereafter to be transcribed, or even to be thereafter placed on file if already transcribed.

There is no other strictly safe and accurate way, except to have the bill perfect when it is signed, like any other pleading in a cause; but in this labor-saving age, reference to instructions or depositions on file, or other papers made parts of the bill unmistakably by reference, perhaps may be tolerated, though some courts have doubted the propriety of any reference to documents, papers, or any outside writings not actually attached to and made part of the bill; that is, that any skeleton bill is improper. We refer to the following cases on the subject:

Leftwick v. Lecam, 4 Wall. (N. S.) 187; Garlington v. Jones, 37 Ala. 240; Fisher v. Guscha, 5 Clark, Iowa, 472; Burlington Gas Co. v. Greene, 21 Iowa, 335; Wyman v. Ward, 25 Me. 436; Moulding v. Rigby, 5 Miss. 4 How. 222; Carmichel v. Beawden, Id. 431; Wells v. Martin, 1 Ohio State, 386; Busby v. Finn, Id. 409; Judd v. Noggle, 16 Wis. 333; Orton v. Woman, 19 Wis. 350; Harmon v. Chandler, 3 Clark (Iowa), 150; Frost v. Bates, 16 Vt. 145; Branch Bank Co. v. Mosely, 19 Ala. 222; Thomas v. Wright, 9 S. & K. (Pa.) 90 ; Humphrey v. Barge, 1 Greene (Iowa), 223 ; Reed v. Hubbard, Id. 153; A. & N. Railroad Co. v. Wagner, March No. 1878, Am. Law Register, 180; City of Jefferson vs. Opel, 7 Central Law Journal, 46.

When we look at the reporter's report of the trial, as it is called, we find this is a skeleton also. Skeleton upon skeleton —a very graveyard of justice, if such things are to be tolerated. On page two we find, "Plaintiff's counsel offers the original bill of Joseph Catton, in the case of Joseph Catton v. Edward Hayward, filed on the 11th day of January, 1876. Objected to." Also, "The cross-bill filed by Edward Hayward against Joseph Catton, on the 28th of January, 1876, upon which this injunction was issued. Objected

to." What the Court did about these objections *non constat*.

On page three, "Plaintiff's counsel offers in evidence the injunction bond tried on this case, dated January 28th 1876, marked Exhibit 3, as follows: [Here insert.] Objected to as incompetent. Objections overruled. Defendant then and there excepted. On the same pages, "Plaintiff's counsel offers in evidence, the order of the court for injunction made in the case of Hayward v. Catton, on the 28th of January, 1876. Objected to." What was done with the objection, whether ruled in or ruled out, *non constat*. Other proceedings and papers in the Chancery Cause are offered, and finally the court said: You can offer all the papers that you wish to put in evidence, and I will examine them and pass upon them to-morrow morning (at least Watson reports that this was so), and thereupon the whole chancery case was offered. It would seem from report that the foregoing events were on Nov. 15, 1877. On the 16th, according to the report, the court said: "The papers taken by the court last night are admitted as proper evidence to the court, but not proper to go to the jury." Whether the plaintiff's cause of action, the two bonds declared upon, ever got into the case or not, *non constat*, by the skeleton bill, nor by the skeleton report. It may be inferred that they did, because the plaintiff had no case without them, and because in another addition to the record filed January 15, 1878, the clerk below by certificate of that date, says that the injunction bond, dated Dec. 6th 1876, penalty $500; injunction bond, dated June 28th 1876, are further parts of the record remaining in my office in the case of Joseph Catton v. Edward Hayward, and copies are given with no appearance of filing on either one.

Whether the papers mentioned were found by the clerk in the bundles of papers belonging to the suit on the bond, or to the one in the chancery suit, does not appear. All of them are parts and parcel of the chancery suit, and probably were taken from the files in the latter. It hardly requires a citation of authorities from other States to show that a bill of exceptions signed by a judge, with delegated authority to a reporter to write out his notes, and to a clerk to admit them when written

out, to be placed among the files, and to substitute 842 pages thereof in the shape of skeleton notes, with skeleton exceptions in a bill of exceptions in the lieu and stead of the three words " Here insert it," is fraught with too much danger to be tolerated, and to show that such a bill of exceptions amounts to nothing more than a statement that there was evidence presumably enough.   There is great danger that the statement thus made in advance, that the bill contains all the evidence, may really be in the Appellate Court, the converse of a self-evident truth.   The following are two of our own cases on the question:   Cullener v. Nash, 76 Ill. 515; Cogshall v. Busby, Id. 445.

It is not necessary to cite authority to show that the clerk's certificate as to what was the evidence on the trial, amounts to nothing.

The case in the Am. Law Register is a well considered one, and in which many of the authorities above mentioned are cited.

The exceptions to the instructions given for the plaintiff, and refused for defendant, being in each instance a general one at the end, is according to the authorities, like a general demurrer to a declaration.

If there be one good count in the last named case, the demurrer must be overruled; and in the first, if there be some good instructions, the exception cannot be noticed in the Appellate Court.   We refer to the following cases on this subject:

Lincoln v. Claflin, 7 Wall. (N. S.) 132; Garrigan v. Barnett, 7 Ind. 528; Terloff v. Honevenlenger, 21 Iowa, 429; Redman v. Malvin, 23 Id. 296; Reynolds v. Boston & R. R. Co. 43 N. H. 580; Oliver v. Phillips, 21 N. J. L. (1 Zab.) 597; Howland v. Willitts, 9 N. Y. (5 Seld.) 170; Oldfield v. Harlem R. R. Co. N. Y. (4 Kenn.) 310; Robinson v. N. Y. & Erie R. R. Co. 27 Barb. 512; Conk v. Camfield, 31 Ind. 171; Agee v. Medlock, 25 Ala. 281; Barker v. McGinness, 22 Ind. 257; State v. Chapin, 10 La. An. 458; Ellis v. The People, 21 How. (N. Y.) pr. 356; Goodwin v. Perkins, 39 Vt. 598; Haslet v. Moss, 28 Ind. 354.

We do not deem it necessary, however, to decide this last point. Notwithstanding all the foregoing difficulties in the way, we have endeavored to look at the case as though they did not exist, and it seems to us that substantial justice has been done. We have, therefore, concluded to affirm the judgement.

Affirmed.