## BRANCH BANK AT DECATUR *vs.* MOSELEY.

1. When the bill of exceptions states that "the defendant then read a transcript in the words and figures following," but the transcript is not set out, and the clerk certifies that it is not on file in his office, a transcript which is afterwards sent up on *certiorari*, and which cannot be identified by any reference to it in the original record, must be rejected as forming no part of the bill of exceptions.

Error to the Circuit Court of Morgan.

Branch Bank at Decatur v. Moseley.

ROBINSON, for plaintiff in error.

CLAY, *contra.*

CHILTON, J.—A motion is made in this case to file the transcript of the record of proceedings had in the Madison Circuit Court, upon an attachment at the suit of A. W. & E. S. McMahan against James Gibson, and of a case growing out of such attachment, involving the trial of the right of property in favor of the same plaintiffs against one Thomas M. Graves, claimant, which transcript has been returned by the clerk of the Circuit Court of Morgan to this court, in answer to a *certiorari,* and which it is insisted by the defendant in error, should constitute a part of the bill of exceptions, but was omitted to be inserted by the clerk. The only reference made to any transcript by the bill of exceptions is in these words:  " Defendants then read a transcript of a record of the Circuit Court of Madison, in the words and figures following." The clerk then proceeds to certify that the transcript alluded to was not on file.

It was early decided in this court, that " whenever it is intended to incorporate in the bill of exceptions a paper read, or which was offered to be read, it is indispensable to set out a copy in the bill of exceptions before the same is sealed, or so to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer."—Looney v. Bush, Min. 413. We think this decision correctly states the rule, and that less strictness might lead to much uncertainty in the records of this court. Our conclusion is, that the transcript of the record now offered to supply the defect in the bill of exceptions, not being identified in any way, as to parties, dates, amount, or by any other descriptive feature in the record originally returned, must be rejected, as forming no part of the bill of exceptions.

PARSONS, J. not sitting.