## GARLINGTON vs. JONES.

[MOTION TO ESTABLISH BILL OF EXCEPTIONS.]

1. *Contents of bill of exceptions.*—Where written documents are mentioned in the bill of exceptions, as constituting a part of it, but are neither copied into it, nor described by such identifying features as to leave no room for mistakes in the transcribing officer, they cannot be regarded as a part of the bill.

2. *Practice on motion to establish bill of exceptions.*—On motion in the appellate court to establish a bill of exceptions, which the presiding judge of the primary court failed or refused to sign, (Code, §§ 2354-56,) the point, decision, and facts, as a whole, must be correctly stated in the bill; and if written documents are referred to in the bill, as constituting a part of it, but are neither copied into it, nor sufficiently identified to be regarded as part of it, it cannot be established.

FROM the Circuit Court of Chambers.
Tried before the Hon. NAT. COOK.

IN this case, the appellant's counsel made a motion to establish a bill of exceptions, which the circuit judge had failed to sign within the time required by law; and submitted, with the motion, several affidavits as to the correctness of the bill tendered; while counter affidavits were submitted on the part of the appellees, denying its correctness. The following are extracts from the bill: "On the trial of this cause, the plaintiff read in evidence to the jury a note, as follows: (Here insert the note.)" "The defendants then read in evidence the interrogatories and answers of B. F. Reynolds, as follows: (Here copy the first set of Reynolds' interrogatories and answers.)" "Plaintiff moved to suppress the deposition of said witness, on the ground that defendants had taken his deposition a second time, which second deposition is as follows. (Here copy the interrogatories and answers.)" "The defendants read in evidence the interrogatories and answers of Henry Cosmer, as follows: (Here insert the interrogatories and answers of the witness.)" "The defendants asked the

court to give the following ten charges, each of which the court gave. (Here copy the ten charges given at the instance of the defendant.)" The documents referred to are not copied into the bill, nor is any other description of them given.

J. FALKNER, and D. CLOPTON, for the motion.
W. P. CHILTON, and S. F. RICE, *contra.*

STONE, J.—Several papers are mentioned in the bill of exceptions, as constituting a part of it, which are not copied into it; nor are they described by such identifying features as to "leave no room for mistakes in the transcribing officer." Under these circumstances, those papers could not be regarded as part of the bill of exceptions.—*Bradley v. Andress*, 30 Ala. 80; *Looney v. Bush*, Minor, 413; *Quigley v. Campbell*, 12 Ala. 58; *Branch Bank v. Moseley*, 19 Ala. 222; *Stodder v. Grant*, 28 Ala. 416.

[2.] This being the case, we are not enabled to *know*, and to affirm *as a fact*, that, on each point presented for revision, the bill of exceptions tendered truly states "the point, charge, opinion or decision, wherein the court is supposed to" [have erred], "with such statement of the facts as is necessary to make it intelligible."—Code, § 2354. To put the judge in fault, for refusing to sign the bill of exceptions, the facts presented must, *as a whole*, be correctly stated. It is not enough that, by striking out a part, the judge could truthfully have signed and certified the balance. This was addressed to his discretion. The question coming before us in the form in which it does, we have no authority to establish the bill of exceptions, unless the *point, decision,* and *facts,* are proved to us to have been truly presented to the circuit judge; not in part, but as a whole. Anything short of this, is not a true statement of the points and decisions sought to be reviewed.

Motion refused.