## ALFORD, Adm'r, *vs.* EUBANK.

[WHAT CONSTITUTES RECORD—BILL OF EXCEPTIONS.]

1. *Bill of exceptions; when does not constitute part of the record.*—A bill of exceptions not signed nor dated, constitutes no part of the record of the cause in which it purports to be taken ; nor does the certificate of the probate judge whose signature was required, that the transcript contained the bill of exceptions, cure the defect.

APPEAL from Probate Court of Montgomery.
Tried before Hon. DAVID CAMPBELL.

The opinion contains the facts.

MARTIN & SAYRE, and JOHN A. ELMORE, for appellant.
WATTS & TROY, *contra.*

B. F. SAFFOLD, J.—This is an appeal from a decree
of the probate court, rendered on the final settlement of
an administrator's accounts, and must be tried on a bill of
exceptions, unless the error complained of appears upon
the record.—Rev. Code, §§ 2247, 2250 ; *Bartee and Wife v.
James,* 33 Ala. 34.

The errors alleged are certain credits allowed to the ad-
ministrator, but the objections to them are founded on facts
stated in a writing purporting to be a bill of exceptions,
but no where else apparent on the record. This professed
bill of exceptions is not signed by the judge, nor dated.

The law is imperative, that the bill of exceptions must be
signed during the term of the court at which they are
taken, or within ten days thereafter, by consent of counsel,
in writing.—Rev. Code, 2760. This court has repeatedly
decided that this must affirmatively appear from the record
to have been done, or it will be rejected.— *Union India
Rubber Co. v. Mitchell,* 37 Ala. 314; *Haden v. Brown,* 22
Ala. 572.

The certificate of the probate judge reciting that the
transcript contains the bill of exceptions, though made by
the officer whose signature was required, can not be con-
strued as a signing of the bill, or as an appearance from
the record that it was signed during the term, especially as
it was made several months after the close of the term.

The judgment is affirmed.