## STRAWBRIDGE *vs*. THE STATE.

[MOTION TO ESTABLISH BILL OF EXCEPTIONS IN SUPREME COURT.]

1. *Bill of exceptions; when judge not bound to sign.*—A judge is not bound to sign a bill of exceptions reserved and tendered in the court below, unless it contains "the point, charge, opinion, or decision, wherein the court is supposed to err, with such a statement of the facts as is necessary to make it intelligible."—Rev. Code, § 2755.

2. *Same; what bill too imperfect to be established.*—A bill of exceptions is imperfect and insufficient if it merely refers to a charge without inserting it. The direction, "*here insert it,*" or "*here set out the charge,*" does not make the charge or other document thus referred to a part of it. And such an imperfect bill of exceptions can not be established in this court, by the Code.—Rev. Code, § 2758.

This was a motion to establish a bill of exceptions.

The motion and affidavits accompanying it show that the petitioner was convicted of betting at a game called keno, and at the same term of the court his attorney presented to the presiding judge of the court the identical bill of exceptions now sought to be established; that the bill of exceptions thus presented "truly and correctly set forth the facts," and was in "every particular correct, and correctly stated the facts and exceptions as they occurred on the the trial of the cause." It further appears, that the clerk endorsed on said bill, "Filed April the 20th, 1872," and that the judge endorsed on the bill, "Refused on account of the incorrectness of the bill. Geo. H. Craig, judge," &c.

When this last endorsement was made does not appear, but the motion states that the petitioner knew nothing of it until after the original bill of exceptions, as altered and revised and signed by the presiding judge, had been copied into the transcript and filed in this court. The petitioner further states, that the time when the corrections and alterations were made was not known to him, but that the alterations and corrections thus made in the bill when

Strawbridge v. The State.

signed and allowed were made some time after the aforesaid endorsement by the judge. It is further alleged, that the bill of exceptions, as it appears in the transcript, (after being corrected and altered by the presiding judge,) is incorrect, and does not fairly present the exceptions reserved by the petitioner.

The original bill of exceptions is made an exhibit to the motion. It appears from it that the bill now sought to be established was not complete. Reference is made in it to subdivision 46 of section 99 of third article of code of by-laws adopted by the mayor and counsel of the city of Selma, which the bill recits "are as follows: [Here set out sections and sub-sections of city Code,] together with a receipt or license issued by said city clerk, which is as follows: [Here set out license]." In other parts of it, the bill recites that "the court charged the jury as follows: [Here insert the charge]." In another part it states, the defendant requested the court to give "the charges numbered from one to eight in writing, and the court refused to give charges Nos. 2 and 5, [Here set out the charges refused,] and defendant excepted."

Accompanying the motion is an affidavit of J. N. Haney, esq., attorney for motion, that the facts therein stated are true. Also, affidavits of G. W. Gayle, esq., an attorney of the court, and R. B. Thomas, clerk of the court, H. W. Quartemus, J. V. Ackerman, J. L. Wren, and W. S. Strawbridge, stating, in substance, that the affiants were present, heard what occurred during the trial, and that the original bill, as presented to the presiding judge, correctly and truly set forth the evidence, and the exceptions reserved, on said trial.

No counter affidavits were filed.

JASPER N. HANEY, pro motion.
ATTORNEY-GENERAL, contra.

PETERS, J.—This is an application to prove a bill of exceptions, on motion in this court, which the presiding judge in the court below refused or failed to sign.

Strawbridge v. The State.

The statute in such case declares, that "if the judge fail or refuse to sign a bill of exceptions, the point or decision and the facts being truly stated, he is guilty of a high misdemeanor in office, and the supreme court must receive such evidence of the facts as may be deemed by it satisfactory, and proceed to hear the cause as if the bill had been signed by the court."—Rev. Code, § 2758. The document presented in this court as the bill of exceptions reserved and tendered to the presiding judge for his signature, is established by evidence "deemed satisfactory" in this court. But it appears, from inspection of this document, that it refers to a certain license and several charges of the court which are not set out in full. Such a bill of exceptions is an insufficient statement of the facts required in such a document. For this reason, the judge was not bound to sign it. A reference in a bill of exceptions to a charge, with the words, "here set out the charge," or "here insert it," does not make the charge thus referred to a part of the bill of exceptions.—*Bradley v. Andrews*, 30 Ala. 80; *Stodder v. Grant*, 28 Ala. 416; *Br. Bk. v. Moseley*, 19 Ala. 222; *Quigley v. Campbell*, 12 Ala. 58; *Looney v. Bush*, Minor, 413. And the court is not bound to sign any such incomplete statement of the facts as a proper bill of exceptions.—Rev. Code, §§ 2755, 2756, 2758. In *Carlington v. Jones*, this court refused to establish such an imperfect bill of exceptions.—37 Ala. 240. We think this was a proper construction of the statute.

The motion is therefore refused, with costs.