# Tuskaloosa County v. Logan.

## *Motion for Certiorari to bring up Bill of Exceptions.*

1. *Contents of bill of exceptions; exhibits.* — When it is intended to incorporate into the bill of exceptions papers or documents which were read or offered in the court below, they must be copied into the bill before it is signed by the presiding judge, or must be so described, by names of parties, amounts, or other identifying features, as to leave no room for mistakes in the transcribing officer.

2. *Charges to jury; when part of record.* — Charges given by the court, and ex-

[Tuskaloosa County *v.* Logan.]

cepted to, must be incorporated in the bill of exceptions before it is signed; and charges asked in writing, whether given or refused, must be so marked by the judge (Rev. Code, §§ 2754-5), and his name must be subscribed to the word " given " or " refused," as the case may be; otherwise, they do not become a part of the record.

3. *When bill of exceptions will not be established, nor brought up on certiorari.* — This court will not establish a bill of exceptions, nor, if signed, award a *certiorari* to bring it up as a part of the record, when there are blanks in material parts of it, and the papers intended to be inserted are not properly identified.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

VAN HOOSE & POWELL, for the appellant.

SOMERVILLE & McEACHIN, *contra.*

PETERS, C. J. — The appellant in this case moves the court, by petition, for a special *certiorari*, to bring up the bill of exceptions taken and signed by the presiding judge on the trial below. This motion is based on the original bill of exceptions, which is produced in this court as an exhibit to the petition, and certain papers accompanying it, which are also exhibits to the petition, and which, it is contended, are a part of the original bill of exceptions.

In the original bill of exceptions there are four blank spaces. In the first one of these blanks are inserted in brackets these words: " [*Here insert ' Exhibit A.'*] " This refers to an instrument in writing, which is called " The following appointment or instructions received from the commissioners' court of Tuskaloosa county." There is no such document found with the exhibits accompanying the petition, or presented to this court. The only paper marked " Exhibit A " found among the papers attached to the said petition, is a series of written propositions, marked I., II., III., which purport to be written charges; but it does not appear, from anything on this paper, that they belong to this case. Across each of these charges is written the word " Refused; " but this is not signed by the presiding judge, nor filed as a paper in the cause; yet, on this paper there is a certificate of the clerk of the court below, that these are the charges asked by the defendant in this cause on the trial below. This certificate is dated January 14, 1874, and it fails to show that the charges thus set out are a part of the record in this cause.

The second blank space contains these words: " [*Here insert ' Exhibit B.'*] " But the paper filed with the petition, and marked " Exhibit B," is wholly blank. The third space is partially filled with these words, written between brackets, thus: " [Here insert the written charges of the court, marked ' Exhibit C.'] " There is no such exhibit appended to the

[Tuskaloosa County *v.* Logan.]

petition, or found among the papers produced in this court. In the fourth blank space are found these words, also written between brackets: " [Here insert the charges in writing, as asked and refused.]" The bill of exceptions is signed by the presiding judge, in the manner required by law, and dated the 14th November, 1873.

As early as the July term of this court, in the year 1826, now nearly forty-eight years ago, it was settled, in a case very similar to this, upon a like motion, " that whenever it is intended to incorporate in a bill of exceptions a paper read or offered to be read, it is indispensable that a copy be set out in the bill of exceptions before the same is sealed, or so to describe the paper, by its date, amount, names of parties, or other identifying features, as to leave no room for mistakes in the transcribing officer." *Looney* v. *Bush*, Minor, 413. This decision has been constantly adhered to ever since. *Branch Bank of Decatur* v. *Moseley*, 19 Ala. 222 ; *Bradley* v. *Andress*, 30 Ala. 80. The papers referred to in the first and second blank spaces in the bill of exceptions are not so identified, by any date, amount, parties, or by any other features, as to leave no room for mistakes in transcribing them ; and it does not appear there are any such papers on file in the original papers of the cause. They cannot, then, be regarded as a part of the bill of exceptions, and as such a part of the record, which can be brought to this court on *certiorari.*

The charges of the court, which are referred to in the third and fourth blank spaces in the bill of exceptions, stand upon another basis. Charges of the court, which are excepted to, must be incorporated in the bill of exceptions before it is signed by the presiding judge, and be thus made a part of the record. Rev Code, §§ 2754–55. Or the charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written ; and it is the duty of the judge to write " given " or " refused," as the case may be, on each, and sign his name thereto ; which thereby becomes a part of the record, and may be taken by the jury with them on their retirement, just as other portions of the record may be taken. Rev. Code, § 2756. If the presiding judge fails, or refuses on proper motion in the court below, to do this in one of the modes prescribed above, then he is guilty of a misdemeanor, and the bill of exceptions may, upon satisfactory evidence, be established in this court. This we deem the proper practice, under the law as it now exists ; and it amply protects a party in all his rights of exception to any charge, opinion, or decision of the court below. Rev. Code, § 2758. In this case, the appellant does not show that either of these modes of perfecting the bill of exceptions has been pursued.

[Blankenship's Administrator v. Nimmo's Administrator.]

An original paper, also, may be made a part of. the bill of exceptions, by making it a part of the fascicle of papers which constitute the bill of exceptions, which is signed by the presiding judge. In such case, the original document itself takes the place of a copy, and becomes a part of the bill of exceptions in lieu of the copy.

The appellant having failed to show any sufficient grounds for a special *certiorari*, his motion is denied, with costs.