[Chapman. v. Holding.]

# Chapman v. Holding.

*Bill of Exceptions.*

*Bill of exceptions; power of court over, after adjournment.*—After the presiding judge has signed the bill of exceptions, and court has adjourned for the term, it is beyond his power to alter or modify it, or by any oral directions, to explain it, or to control the clerk in making out the transcript; nor can the appellate court receive affidavits that portions of the bill of exceptions which were intended to be erased, were allowed to remain.

This was an application for a *certiorari* to bring up a complete transcript, based on affidavits filed. These affidavits did not come into the Reporter's hands, but the point decided sufficiently appears, without further reference to them.

BRANDON & JONES, for motion.

HUMES & GORDON, *contra.*

STONE, J.—In *Branch Bank at Decatur v. Kinsey*, 5 Ala. 9, a bill of exceptions was signed and sealed by the presiding judge during the term of the circuit court, at which the trial was had. After the adjournment of the term the presiding judge certified another bill of exceptions, assuming thereby to correct the first. This court refused to consider the one last signed. The court said, "when a bill of exceptions is allowed and sealed by the judge, it becomes a part of the record, is as much beyond his control, after the adjournment of the court, as any other part of the record."

In *Weir v. Hoss*, 6 Ala. 881, the presiding judge had signed and sealed a bill of exceptions, which had likewise become part of the record. A motion was made in this court to suppress or modify said bill of exceptions, and in support of said motion, a written statement, made by the presiding judge subsequent to the signing and sealing of the bill of exceptions, was offered in evidence. Speaking of the bill of exceptions, and its execution by the presiding judge, this court said: "Having signed it, no subsequent admission by him can impair its validity."

These authorities are conclusive to show that after the signing of the bill of exceptions by the presiding judge, and after the adjournment of the court, the bill of exceptions, like every other part of the record, was beyond the power and control of the judge, to alter or modify it, either from his own recollection, or, from the sworn statement of others. And it is equally true that no admission, statement, or direction of the presiding judge can be received to vary or explain the record. An old author has quaintly, yet forcibly

said : "A record or memorial made by a justice, of things done before him judicially in the execution of his office, shall be of such credit, that it shall not be gainsaid. One man may affirm a thing, and another may deny it; but if a *record* once say the word, no man shall be received to aver or speak against it."—3 Burn's Justice, 3.

From a legal necessity, it was not permissible for the presiding judge, by any oral direction of his, to explain the bill of exceptions, or to control or influence the clerk in the matter of making up the transcript. The clerk's duty is defined by law, and he must pursue it. It is, on the responsibility of his own official oath, to make a true and complete transcript of all material parts of the record. Neither can one receive or consider any affidavits going to show that any portion of the bill of exceptions was intended to be erased, which was not in fact erased. The clerk must copy the bill of exceptions as he finds it; not as it may be explained to him.

It is to be regretted that such a dispute should arise, as is shown in this motion. Great circumspection is required, to prevent errors and mistakes in approving and signing bills of exceptions. Injury, frequently very serious, is always the consequence of such errors. Still, if there be such an error as the affidavits submitted with this motion tend to show, it is one which we can not correct, without disturbing great judicial landmarks.

Let an *alias certiorari* issue to bring up a complete transcript, as prayed for.

BRICKELL, C. J., not sitting.