# Judge v. The State.

*Motion in the Supreme Court to establish Bill of Exceptions.*

1. *Charges of the court; exception at bar; amendment.*—The court charged the jury, that " When an assault is made and resistance or a striking back is justified, yet, even here, when the striking back or resistance is made with a deadly weapon, and the weapon is used in a very cruel manner, not justified at all by the nature and danger of the assault, the offense amounts to murder. A good definition of cruelty is, the infliction of great pain or misery without necessity. Death causes misery to the family of those bereaved,"—and the defendant then excepted at bar to "that part of the charge about cruelty and the part connected therewith;" but in writing out the bill, they presented the exception as follows: "An exception was also reserved to each and every part of the following portion of the judge's charge, to-wit, (and here the part above quoted was set out);" and the judge afterwards struck out, of the paragraph quoted, all except the last two sentences, which contained the definition of

[Judge v. The State.]

cruelty, so as to make it appear that the exception was to that part only, whereupon motion is made to correct the bill of exceptions,—*Held*,

1. That the exception at bar raised also the question of error in the construction respecting the effect—as evidence of homicidal malice—of cruelty on the part of a person assailed in the manner of his slaying the assailant.

2. That the exception now contained in the bill, should be stricken out and the following inserted: "And defendant excepted to the definition of cruelty in the following charge, and also to so much thereof as explains the effect—as evidence of malice—of the use, by one assailed, of a deadly weapon in a cruel manner, against his assailant."

Heard before the Supreme Court, on affidavits filed in pursuance of the following notice:

"To Hon. Alpheus Baker, Judge of the City Court of Eufaula; to Alto V. Lee, Solicitor of the 8th Judicial Circuit of Alabama, and to S. H. Dent, Esq., leading counsel for the State in said case:

"IN SUPREME COURT OF ALABAMA, JULY, A. D. 1877.
*Alexander Judge alias Alex. Judge v. The State of Alabama.*

"Take notice that on next Thursday, the 12th day of July A. D. 1877, the appellant in the above named case, will make a motion in the Supreme Court of Alabama to establish a correct bill of exceptions in the same, in accordance with the facts and particulars contained in affidavits made and to be filed in the Supreme Conrt, which affidavits are hereto attached for your inspection, that you may the better understand what action you will take in the premises.

SAM'L W. GOODE and
A. H. MERRILL,
Att'ys for Appellant.

[The affidavits did not all come into Reporters's hands, so none of them are here published; but the substance of them may be clearly understood from the opinion.]

MANNING, J.—This cause was submitted on a motion, under the statute to amend the bill of exceptions, by evidence presented to this court. We have examined the affidavits of the learned and estimable judge of the City Court and of the counsel on both sides of the cause, and find that, in reference to the point over which the contestation is made, there is really no difference between them. In the course of his charge, covering the entire case, the judge said to the jury: "When an assault is made and resistance or a striking back is justified, yet, even here, when the striking back or resistance is made with a deadly weapon, and the weapon is used in a very cruel manner, not justified at all by the nature and the danger of the assault, the offense amounts to murder. A good definition of cruelty is, the infliction of great pain or

[Judge v. The State.]

misery without necessity. Death causes misery to the family of those bereaved." Defendant's counsel put in an exception at the bar to "that part of the charge about cruelty and the part connected therewith." In writing out the bill of exceptions they presented this exception as follows: "An exception was also reserved by the defendant to each and every part of the following portion of the judge's charge, to-wit:" and here the part of it above quoted was set out. On reading this statement of the exception, the judge thought and said, that it was broader than the exception really taken; and that he understood it then as relating only to his definition of cruelty. And the counsel for the State being absent, he objected to signing the bill until their return. But being urgently pressed for his signature to it then, he finally yielded, and signed it. Thereupon the judge and the counsel for the appellant went from the place where this was done immediately to the court-house, and on arriving there, the counsel for the appellant had the bill of exceptions marked filed, by the clerk, and then began to argue a motion they had made for a new trial. Among other reasons in support of it, they urged that it should be granted, because the charge to the jury above set forth, authorized them to find defendant guilty of murder when the striking back was with a deadly weapon cruelly used—although death had not been thereby produced to the party so stricken. An exception not having been made on that account, by which the attention of the judge might be called to this supposed defect, and a correction be made of the charge in that particular—while the jury were present—and he not being aware of that omission therein, he called for the bill of exceptions,—and on examination struck out of the paragraph quoted, all except the last two sentences, which contained the definition of cruelty—so as to make it appear · that the exception was to that part only. And the motion now is to have that portion of the instruction which was stricken out, restored to and form a part of the bill of exceptions.

The point of the contention on the part of the judge is, that defendant did not except to the charge, on account of the omission from it, of the condition that death ensue from such cruel use of· a deadly weapon, and did not in any manner call his attention to such omission. Herein the judge is evidently not mistaken. Counsel for defendant admit that they had not themselves then perceived that supposed defect. They were not aware of it, until they came to copy the notes of the entire charge, which the judge handed to them to be used in preparing the bill of exceptions. But it does not seem to us that such a circumstance is a matter of any im-

[Judge v. The State.]

portance whatever. There was no dispute about the death of the man on whom the weapon spoken of as deadly had been used, in this case, or that his death was caused by it as wielded by the defendant. That was proved by numerous witnesses, was the foundation-fact of the prosecution, and the subject of the entire charge, whereby it was impressed very distinctly upon the minds of the jury. And as the paragraph quoted was a part only of the entire charge, and was designed merely to explain what the law considered to be evidence of malice in the conduct of a party who, when assailed, unnecessarily used a deadly weapon in a very cruel manner in return, the omission referred to was, in our opinion, so unimportant as not to give any value to the exception.

But while the exception was in that particular immaterial, it seems to us that it reached further than the mere definition of cruelty in the charge. It raised, also, the question of error or not in the instruction given, respecting the effect, as evidence of homicidal malice,—of cruelty on the part of a person assailed, in the manner of his slaying of the assailant. We are of opinion, therefore, that the part of the charge which the judge of the City Court admits he gave, but struck out of the bill of exceptions because not excepted to, so as to call attention to the omission mentioned, should be restored; and that the exception thereto now contained in the bill, should be stricken out, and the following be, instead thereof, inserted, to-wit: And defendant excepted to the definition of cruelty in the following charge, and also to so much thereof as explains the effect—as evidence of malice—of the use, by one assailed, of a deadly weapon, in a cruel manner, against his assailant.

It is ordered that the bill of exceptions be amended accordingly.