# *Ex parte* Mayfield.

## *Motion· to Establish Bill of Exceptions.*

1. *Bill of exceptions; signing after adjournment of court, "by consent or agreement of counsel in writing."*—In a criminal case, the solicitor only—the officer whose duty it is to prosecute in behalf of the State—can consent in writing that a bill of exceptions may be signed by the presiding judge after the adjournment of the court for the term (Code, § 3113); and this court will not establish a bill, which the presiding judge below refused to examine or sign, on objection by the solicitor, although the associate counsel for the pros-ecution consented in writing that it might be signed after the adjournment of the court    (STONE, J., *dissenting*.)

2. *Same; contents of.*—The presiding judge is not bound to sign a bill of exceptions, tendered for his signature, unless it truly states "the point, charge, opinion, or decision, wherein the court is supposed to err" (Code,

[Ex parte Mayfield.]

§ 3108), and also sets forth "such a statement of the facts as is necessary to make it intelligible."

THIS was a motion by John Mayfield, to establish a bill of exceptions, which he claimed to have reserved during his trial at a late term of the Circuit Court of Lauderdale, Hon. W. B. WOOD presiding, and which the presiding judge refused to examine or sign, on objection by the solicitor, because it was not presented for his signature before the adjournment of the court, and the solicitor had not consented in writing that it might be signed after the adjournment. The said Mayfield was indicted and tried, jointly with one Alexander Jones, for the murder of one Tobe Irvine ; and on the trial he was convicted of murder in the first degree, and sentenced to be hanged, while said Jones was convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for twenty-five years. The case was tried on Friday, and the court adjourned for the term on the next day. During the trial, numerous exceptions were duly reserved by Mayfield's counsel to rulings of the court in the matter of charges given and refused ; but the bill of exceptions was not then prepared and signed. After the conclusion of the trial, R. O. Pickett, an attorney of the court, who had appeared for the State on the trial, and acted with the solicitor in conducting the prosecution, entered into a written agreement with Mayfield's counsel that a bill of exceptions might be prepared and signed by the presiding judge within ten days afterwards ; and to this agreement he signed his own name and that of the solicitor. The solicitor, when informed of this agreement, refused to recognize it ; but it does not appear that the defendant's counsel were informed of this fact, until after the adjournment of the court. A bill of exceptions was prepared by the defendant's counsel, and presented to the presiding judge for his signature, within ten days after the trial ; but, on objection by the solicitor, he refused to examine or sign it. This is the bill of exceptions which the defendant now seeks to establish in this court ; and in support of his motion he submits a certified copy of the record, the bill of exceptions so prepared and tendered, and affidavits as to its correctness, and as to the facts above stated. Counter affidavits are also submitted against the motion, denying the correctness of the bill sought to be established ; and Judge WOOD certifies to another bill, as accurately presenting the evidence adduced on the trial, and the charges given and refused.

BRAGG & THORINGTON, for the motion, cited Weeks on At-

torneys, 343-4, 361, 371, 276-7; *Moore v. Easley*, 18 Ala. 619; Waite's Actions and Defenses, vol. 1, p. 434, § 1; 1 Brickell's Digest, 193, §§ 55, 56; Code, §§ 796, 797; *Rosenbaum v. The State*, 33 Ala. 354; *Judge v. The State*, 58 Ala. 405.

H. C. TOMPKINS, Attorney-General, for the State, cited Clark's Manual, §§ 1899-1912; *Garlington v. Jones*, 37 Ala. 240; Code, § 3111.

STONE, J.—I myself would prefer to hold that, under section 3115, Code of 1876, the agreement signed by counsel who was employed to aid in the prosecution of the defendants, was a sufficient "consent or agreement of counsel in writing," to authorize the presiding judge to consider and sign a bill of exceptions after the adjournment of the term. My brothers, however, think that only the solicitor—the law officer, whose duty it is to prosecute in behalf of the State—can give such consent, or enter into such agreement. There are strong reasons of public policy in favor of their views.

On the merits of the motion, there is a very decided preponderance of evidence, that the bill of exceptions tendered for signature does not, in its entirety, truly state "the point, charge, opinion or decision, wherein the court is supposed to err, with such a statement of the facts as is necessary to make it intelligible."—Code, § 3108. This being the case, it was not the duty of the presiding judge to sign the same.— *Garlington v. Jones*, 37 Ala. 240; *Wood v. Brown*, 8 Ala. 563; *Strawbridge v. The State*, 48 Ala. 308; *Alford v. Eubank*, 44 Ala. 276; *Tuskaloosa Co. v. Logan*, 50 Ala. 503; *Kirby v. Vann*, 51 Ala. 221; *Small v. McCalley*, Ib. 527; *Rolater v. Rolater*, 52 Ala. 111; *Chapman v. Holding*, 54 Ala. 61; *Judge v. The State*, 58 Ala. 402.

There being no valid agreement that a bill of exceptions might be signed after the adjournment of court, we would not be at liberty to establish the bill tendered, even if it truly set forth the points reserved, and the necessary statement of facts to show their pertinency. As to the bill approved by the presiding judge, and shown to be a true statement of the rulings excepted to, the case is not brought within any provision of the statute, and we have no authority to establish it. It is beyond the power of the circuit judge to sign it, in the absence of the solicitor's agreement that it may be signed in vacation.

Motion denied.