# Posey v. Beale.

### Motion to amend Bill of Exceptions.

1. *Bill of exceptions ; when can not be altered or modified.*—A bill of exceptions having been signed by the presiding judge, becomes a part of the record in the cause to which it appertains, and can not subsequently be changed by oral evidence, unless the proposed change or modification is made prior to adjournment, while the matter is *in fieri*, or within the time agreed on by counsel in writing, authorizing such bill to be signed, pursuant to § 3113 of the Code of 1876.

2. *Bill of exceptions ; proper practice in obtaining.*—The proper practice for a party desiring a true bill of exceptions to pursue, is for him to prepare a correct bill, in which the point or decision sought to be reviewed and the facts of the case are truly stated, and to tender it, within the proper time, to the presiding judge for his signature, requesting him to sign or refuse to sign it as prepared. If he fail or refuse, an application can then be made to this court to establish the bill of exceptions upon such evidence as may be deemed satisfactory.

APPEAL from Conecuh Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

J. POSEY, *pro se.*

G. R. FARNHAM, *contra.*

SOMERVILLE, J.—This is an appeal from the action of the circuit judge refusing to amend a bill of exceptions. The bill was signed, by agreement of counsel reduced to writing, within thirty days after the adjournment of the spring term of the Circuit Court, 1881, at which the cause was tried. The motion to amend and correct the bill was made at the ensuing fall term of the court, and was based on *ex parte* affidavits and the oral testimony of witnesses which were proposed to be introduced for this purpose by the appellant. The circuit judge refused to receive both the affidavits and the oral evidence, and overruled the motion.

We are of opinion that there was no error in this action of the court. The principle is settled in this court, that, after a presiding judge has performed the duty of signing a bill of exceptions, and the court has adjourned for the term, it is beyond his power, to alter or modify it. It becomes a part of the record in the cause to which it appertains, and can not subsequently be changed by oral evidence, unless the proposed change or modification is made prior to adjournment, while the matter is *in fieri*, or within the period of time agreed on by counsel in writing, authorizing such signing to be perfected, after adjourn-

[Wilkinson v. May.]

ment, pursuant to section 3113 of the Code of 1876.—*Chapman v. Holding*, 54 Ala. 61; *Branch Bank v. Kinsy*, 5 Ala. 9; *Weir v. Hoss*, 6 Ala. 881.

The proper practice in such cases would be for the party aggrieved to prepare a correct bill of exceptions, in which the point or decision sought to be reviewed and the facts of the case are truly stated, and to *tender it within proper time* to the presiding judge for his signature, requesting him to sign or refuse to sign it as prepared. If he fail or refuse, an application can then be made to this court to establish the bill of exceptions upon such evidence as may be deemed satisfactory.—Code, 1876, § 3111; *Garlington v. Jones*, 37 Ala. 240; *Strawbridge v. The State*, 48 Ala. 308.

Affirmed.