# Blake *v.* Harlan.

## *Motion to Establish Bill of Exceptions.*

1. *Probate court ; term of.*—While a term of the probate court may be kept open from day to day, even after the active business of the term has been disposed of, for the purpose of signing a bill of exceptions, the power of the court to keep the term open can not, in the nature of things, extend beyond the next regular term.

2. *Motion to establish bill of exceptions ; when refused.*—Where a bill of exceptions in a contested will case in the probate court, as prepared and presented to the presiding judge in term time, was faulty and inaccurate, not truly stating the point, charge, or decision, wherein the court was supposed to have erred, with such a statement of the facts as was necessary to make it intelligible, and its errors were not corrected until after the expiration of the term of the court at which the trial was had,— *held,* on motion in this court to establish the bill, there being no consent or agreement of counsel in writing, that it should be signed in vacation,

[Blake v. Harlan.]

that the moveants failed to make a case which authorized this court to establish the bill.

APPEAL from Cleburne Probate Court.

Tried before Hon. THOMAS J. BURTON.

This was a motion in this court by the appellant to establish a bill of exceptions. The facts are stated in the opinion.

STONE, J.—This was a contested will case, tried before a jury in the probate court. The trial was commenced on Thursday, the 6th day of January, 1881, and continued until the next Thursday, the 13th. This necessarily included a regular term of the probate court, which is required to be held on the second Monday in each month. The second Monday was 10th January, 1881. The next regular term of the probate court was the second Monday in February, which, in that year, fell on the 14th day of the month.—Code of 1876, § 701.

We will not deny the right of the probate judge to keep the court open from day to day, even after the active business of the term is disposed of. This might frequently become necessary, and, notably, when a lengthy bill of exceptions is to be prepared. These, to be available, must be prepared and signed in term time, "unless by consent or agreement of counsel in writing," further time is allowed.—Code of 1876, § 3113; *Ex parte Mayfield*, 63 Ala. 203. But the power of the court to keep one term open can not, in the nature of things, extend beyond the next regular term. So, in this case, the January term must needs have closed before February 14th. To hold otherwise, would be to hold that two terms of one and the same court could be in session at one and the same time.

There was no consent or agreement of counsel, in writing, entered into in this case, and the bill of exceptions tendered for signature, allowing the longest possible time the court could have been kept open, did not truly state the point, charge, opinion, or decision, wherein the court was supposed to have erred, with such statement of the facts as was necessary to make it intelligible. So far from this being the case, the bill tendered is shown to have been faulty and inaccurate. Not until several days after February 14th, was it so corrected, that it truly presented the points sought to be reviewed. In this, we are borne out by all the testimony. The moveants have failed to make a case, which will authorize us to establish the bill of exceptions.—*Ex parte Mayfield*, 63 Ala. 203; *Posey v. Beale*, 69 Ala. 32; *Garlington v. Jones*, 37 Ala. 240.

Motion denied.