# Hale *et al. v.* Goodbar, White & Co.

*Petition for Supersedeas of Execution on Claim Bond.*

1. *Failure to sign bill of exceptions ; second application for supersedeas.* When the presiding judge improperly fails or refuses to sign a bill of exceptions, a statutory remedy for establishing it is provided (Code, § 3111); and such refusal or failure, the statutory remedy not being pursued, constitutes no reason for entertaining a second application for supersedeas in the court below, although the decision on the former application can not be revised on appeal for want of a bill of exceptions. The parties, the subject-matter and the issue being the same, the former decision is *res judicata* until reversed.

APPEAL from the Circuit Court of Etowah.

Heard before the Hon. JAMES AIKEN.

The appellees, Goodbar, White & Co., sued out an attachment against one J. B. Mackey, which was levied on a stock of goods, and the appellant, J. B. Hale, filed a claim bond for said goods, with the other appellants, L. D. Hale and James Bothwell, as his sureties thereon. On the trial of the claim suit, the issue was decided and judgment rendered against the claimant, and the claim bond having been re-

[Hale *et al.* v. Goodbar, White & Co.]

turned "forfeited," execution issued thereon against the claimant and his sureties. The claimant and his sureties petitioned for a *supersedeas* of this execution. "A temporary restraining order was granted, which on the hearing was dissolved and the petition dismisssed." No appeal was taken from this judgment. A second petition for a *supersedeas* was filed in which the following is stated as the excuse for not prosecuting an appeal from the judgment dismissing the first petition : "That petitioner reserved exceptions to the various rulings of the judge upon the hearing" (of the first petition), "and the judge being about to depart, there was an agreement of the counsel for both parties to said cause, made in writing in open court, that said judge might sign a bill of exceptions in said cause within thirty days ; that within said thirty days a correct bill of exceptions was prepared and forwarded said judge, who received the same, together with a good and sufficient appeal bond, but for some reason unknown to your petitioners, said judge kept said bill of exceptions and appeal bond without signing the same, though often urged in person and by letter to do so, until after the expiration of said thirty days, and still retains said bill and bond, so that petitioners were denied the right of reviewing said rulings in the Supreme Court."

The judge refused to grant the *supersedeas*, and in connection with the judgment refusing it, stated, among other reasons for not signing said bill of exceptions, that in his opinion, it was not correct.

In the view of the case taken by this court, it is not necessary to state the grounds set forth in the petition for the granting of the *supersedeas*.

WALDEN & SON, for appellant.

MATTHEWS & DANIEL, *contra*.

STONE, C. J.—This was a second application made to the judge of the ninth judicial circuit, for the *supersedeas* and quashal of an execution. Under the petition first filed a trial was had, and the court denied all relief to the petitioners, and dismissed their petition. There was no appeal from that judgment, and the same remains in force. It is not denied in this application that the trial then had was upon the merits. The petition now before us sets forth the foregoing facts, and admits the parties and the subject-matter in that case and in this are the same. It offers as an excuse for not appealing from the decision, a failure to

obtain a bill of exceptions through no fault of petitioners, as it is alleged. The excuse can not avail. If the petitioners, within the time agreed on, presented to the presiding judge a correct bill of exceptions, and he failed or refused to sign it, the statute furnishes the means of establishing it in this court.—Code of 1876, § 3111 ; *Judge v. The State*, 58 Ala. 402 ; *Posey v. Beale*, 69 Ala. 32 ; *Blake v. Harlan*, 75 Ala. 205.

In this case, as shown by the petition itself, the parties are the same, the subject-matter the same, and the identical point directly in issue in each. No question arising as to jurisdiction, the defense of *res judicata* must prevail.—*Gilbreath v. Jones*, 66 Ala. 129 ; *McCall v. Jones*, 72 Ala. 368 ; Herman *Res judicata*, §§ 99, 338, 340 ; *Hanchey v. Croskey*, 81 Ala.

Affirmed.