# Turner, et al. *v.* White, et al.

*Ejectment against Purchaser at Tax Sale, and for Recovery of Taxes by Unsuccessful Party.*

1. *Remedy when presiding judge refuses to sign bill of exceptions.* When a judge refuses to sign a bill of exceptions, the proper remedy is not by appeal for error in such refusal, but by motion in the appellate court to establish a bill of exceptions on evidence satisfactory to the court.—Code, Sec. 2672.

2. *Effect of making landlord party to ejectment suit against tenants.* If, after judgment in ejectment against the tenant in possession, the landlord is permitted on her motion to be made a party defendant to the suit, her position is the same in regard to the statute of limitation, as if she had originally been served with process at the commencement of the suit.

3. *Municipal taxes are charges on land recovered from purchaser at tax sale.*—When recovery in ejectment is had against a purchaser at tax sale and the defendant is entitled to recover taxes paid on the lands by him, such recovery includes taxes levied by the proper authorities of the municipal corporation in which the land is situated, and the burden is not on the defendant to show a technical compliance with the law in the assessment of the tax by the proper revenue officers if they appear reasonably correct.

4. *Rate of interest on taxes paid.*—Such purchaser is entitled to recover interest at the rate of twelve per cent. per annum, on all taxes paid by her after the registration of the tax deed on June 4th, 1884, the rate of interest being governed by section 601, Code of Alabama.

APPEALS from Mobile Circuit Court.
Tried before Hon. WILLIAM E. CLARK.
35-97

The opinion is based on two separate transcripts, one being ejectment by George C. White, against Freeman Turner and others, to which case Marcia E. Turner was made defendant on her own motion and, after judgment for plaintiff, by agreement, a separate cause was docketed for recovery of taxes paid by her subsequent to a purchase by her at tax sale of the lands sued for, and appeals were taken by the defendant in both cases which appeals were heard together.

The main facts set forth in both transcripts, as stated by the court, are as follows:

This is an ejectment suit, by appellees, as plaintiffs in the court below, against the appellants, defendants, as tenants in possesion, to recover certain lots of land in the city of Mobile. The declaration and notice were filed, and the writ issued February 25th, and was served February 27th, 1889. On July 12th, these defendants disclaimed possession of the premises, on which disclaimer the plaintiff took issue, and on the trial this issue was found in favor of the plaintiffs, judgment rendered against defendants, and a writ of possession ordered.

Afterwards, on January 6th, 1890, Mrs. Marcia H. Turner filed her petition to the court in the cause stating among other things, that said lots had been sold on the 20th of November, 1880, for taxes, and purchased by the State, and on May 31, 1884, she redeemed and purchased said lots from the State, and the Auditor on that date issued a certificate transferring to her all the interest of the State in and to said lots, which certificate was recorded in the probate office of Mobile, on the 4th June, 1884. She averred she went into the immediate possession of the property by herself and her agents, claiming and using it from that date, continuously to that time; that the defendants F. C. and Jno. C. Turner had "been using said lots, with the implied consent of petitioner by stacking lumber thereon, and they have had no other use, occupation or possession thereof," and that she personally, was never on the premises and never used them. The prayer of the petition was to restrain the clerk from issuing the writ of possession, and to admit her "to come in and be made a party defendant to this suit, and defend her rights and property in and to said lots against the claims of the plaintiffs." Afterwards, on consideration, the court granted the prayer of said petition in the following order: "It is considered by the court, that the motion be granted, on payment of all costs, excepting the costs of the petition of Marcia H. Turner, and such costs having been paid to the

clerk, the judgment is set aside, and Marcia H. Turner, on her petition to be made a party defendant, as landlord, is granted, and she is hereby made a defendant to this cause." Afterwards, Mrs. Turner moved the court to amend this order, so as to show that she was made "a defendant in the cause, instead of said Freeman C. Turner and John T. Turner," but this motion was denied by the court. Then followed numerous and lengthy pleas, and motions to strike them out. Finally, before any action by the court on the pleas and motion to strike out, the parties agreed to try the cause upon an agreed state of facts, which is set out in the record, wherein it was submitted to the court, subject to exception, to determine if said Marcia H. Turner, under all the circumstances, was the sole defendant, or if said F. C. and John T. Turner were also parties, agreeing that "the pleadings shall consist of the declaration and notice, disclaimer by Jno. T. Turner and Freeman C. Turner, and general issue and statute of limitations of five years, for tax titles by Marcia H. Turner. The court held them all as parties, and tried the cause on the disclaimer as to F. C. and J. T. Turner, and the general issue, and statute of limitations of five years, as to Mrs. Turner. The agreement for trial contained this clause: "It is agreed that all facts necessary to recovery by the plaintiffs are admitted, except the sole question (to be determined by the court) whether the admission of Marcia H. Turner, as shown by the papers and record, makes the suit for the recovery of said lands a new one against said Marcia H. Turner, begun after the time contemplated by the statute of limitations of five years, as above pleaded." It was further agreed, that two dollars per month, since May, 1884, was the fair rental value of the property. Another part of the agreement was, "should the court determine the issue submitted in favor of the plaintiff, it is agreed that on the next motion day of this court, the matter of taxes shall be submitted to the court in the place of a jury, to determine on the tax receipts and deeds to be submitted by the respective parties, how much, if anything, plaintiff shall pay to defendant for taxes paid."

On this statement of facts, the court found and rendered a judgment for the plaintiff, for the lands described in the complaint and for $68.70 for the use and occupation thereof. The parties, thereafter, on the 12th February, 1891, agreed again in writing, that the time for preparing and signing a bill of exceptions should be extended until the adjournment of court, at its next May term, 1891, for the purpose of obtaining a final judgment on the questions of the taxes to be

[Turner, et al. v. White, et al.]

refunded to Mrs. Marcia H. Turner, as paid by her on the property in controversy, and that all proceedings in the cause, both as to writs of possession and costs, should be stayed until that time. On the 12th May, 1891, the parties in open court consented, and the court accordingly ordered, that the matter of refunding said taxes be docketed separately from the ejectment suit, which the clerk, by the orders of the court, did, entering the cause as Marcia H. Turner v. G. C. White and C. Alexander; and thereupon the court proceeded, upon an admitted state of facts, set out in the record, to render judgment upon the petition of the said Marcia H. against said Geo. C. White and Charles Alexander for $153.05 for State and county taxes paid by her, and also for the cost of the proceedings. ·

Afterwards, the defendants prepared and tendered a single bill of exceptions covering the proceedings in the ejectment suit, and in the separate proceeding to ascertain the taxes paid by said Marcia H.; but the court refused to sign said bill of exceptions as one, embracing the facts, pleadings and the final judgment, both in the ejectment suit and the separate judgment on the motion for the reimbursement of said taxes, and for the refusal to sign the bill, as in one case, the defendants excepted. The court, however, did sign separate bills as prepared and presented in each of said proceedings.

WM. E. RICHARDSON, for appellants, contended that the court below erred in making Mrs. Turner defendant, "as landlord," citing *Howard v. Kennedy*, 4 Ala. 592: *Ex parte Webb*, 58 Ala. 110; *Morris v. Beebe*, 54 Ala. 305; *Smith v. Gayle*, 58 Ala. 604. That her position as party did not relate back to commencement of suit, *Miller v. McIntyre*, 6 Pet. 61; *Seibs v. Englehardt*, 78 Ala. 508; *Evans v. Richardson*, 76 Ala. 329; *Crowle v. Nagle*, 86 Ill. 437; *Ib.* 22; that city taxes are included in the charges on the land, *Mayor v. Stonewall*, 53 Ala. 5i0; *Winter v. Montgomery*, 79 Ala. 486; *Lowe v. Martin*, 79 Ala. 366; Cooley on Taxation, 444, 678; *Thorington v. Montgomery*, 82 Ala. 591; *New York v. Colgate*, 12 N. Y. 149.

PETER J. HAMILTON, for appellees, insisted that the burden of showing that the taxes paid were legally assessed, was on Mrs. Turner, citing *Oliver v. Robinson*, 58 Ala. 46; Code, 601; that municipal taxes are not embraced; *Holding v. Thomas*, 62 Ala. 4; Acts 84–5, p. 69, sec. 138; *Ib.* p 57, sec. 57; that the cases might be docketed separately, *Greil v. Loftin*, 65

[Turner, et al. v. White, et al.]

Ala, 592; *Rhodes v. Smith*, 66 Ala. 177 ; *Bank v. Borland*, 5 Ala. 531. The briefs of counsel on both sides are quite lengthy.

HARALSON, J.—1. Section 2762 of the Code makes provision for a case like the one presented, in providing that if the judge trying a cause shall fail or refuse to sign a bill of exceptions, the point or decision and the facts being truly stated, · · · "the Supreme Court must receive evidence of the facts, as may be deemed by it satisfactory, and proceed to hear the cause as if the bill had been signed by the court." The proper practice is here indicated, and the appellant's remedy, if she was aggrieved, was by motion in this court, to establish her bill of exceptions on such evidence as would be satisfactory to the court. It was not by appeal for error in the action of the court in refusing to sign the bill. The bill as signed by the judge, is the one upon which this court must act until a new one is established in the mode pointed out by the Code.—*Hale v. Goodbar*, 81 Ala. 108 ; *Posey v. Beale*, 69 Ala. 32.

II. By the express terms of the agreement for the trial of this cause by the judge, it was stipulated that all the facts necessary for a recovery by the plaintiffs were admitted, except the sole question of the statute of limitations of five years, as provided in section 464 of the Code of 1876, forbidding any suit for the recovery of real property sold for the non-payment of taxes, unless the same be brought within five years after the date of the sale thereof. Many exceptions were taken to the rulings of the court, and are here assigned as error, but the case must be disposed of on that agreement, and we have but the one point to determine.

It is admitted that this suit was brought before the expiration of the period of five years from the date of Mrs. Turner's purchase from the State, and that that fact is conclusive of the right of plaintiffs to maintain the suit, against the plea of five years limitation, unless the admission of Mrs. Turner "to come in and be made a party defendant to this suit, and defend her rights and property in and to said lots, against the claims of the plaintiffs," made "the suit for the recovery of the lands a new one against her, begun after the trial contemplated by the statute of limitations of five years." Section 460 of the Code of 1876 provides that when one becomes purchaser of land sold for taxes by the State, the probate judge shall give him a deed duly executed by him conveying to the purchaser all the right, title and interest of the former owner in and to the land conveyed; and we

have heretofore decided that the point of time from which the bar of the five years statute of limitation is to be computed, is the execution of the deed by the judge of probate, which is the final, consummating act of sale.—*Pugh v. Young-blood*, 69 Ala. 296.

There is no evidence that the State ever got a tax-deed from the judge of probate after it became the purchaser of the lands. The State, therefore, could transfer to Mrs. Turner no more, if anything, in the absence of a deed from the judge of probate, than its right to occupy the land from the date of the record of the auditor's certificate of purchase to her on the 31st day of May, 1884, or at least from the date of its record in the probate office June 4, 1884; and at neither of those dates had five years elapsed at the time of the institution of this suit, on the 26th February, 1889. Mrs. Turner's contention, however, is, that she was not sued until the 24th January, 1890, the date she was admitted by the court, on her application, to be made a party, as landlord, to the suits.

III. It is a principle often repeated that, "If, during the pendency of a suit, any new matter or claim not before asserted is set up and relied upon by the *complainant*, the defendant has the right to insist upon the benefit of the statute until the time that the new claim is presented, because, until that trial, there was no *lis pendens*, as to that matter, between the parties."—*King v. Avery*, 37 Ala. 173; *Anniston & A. R. R. Co. v. Ledbetter*, 92 Ala. 326.

But this was no amendment by the plaintiffs. Mrs. Turner came into the suit on her own petition, filed in accordance with the statute, to make herself a defendant as landlord; and, against the objection of plaintiffs, she was admitted to defend her title against the claim of title by plaintiffs, and the very purpose of her application and of her being admitted was to test the strength and validity of those competing titles. Her claim was within the *lis pendens*. If the statute of limitations gave her a title against plaintiff's assertion, on which she was willing to rely, why should she come into this suit? When admitted in the manner she was, her position in the case was the same as if notice had been served on her to make her a party, at the same time it was served on the other defendants.—*Agee v. Williams*, 30 Ala. 636; *Evans v. Richardson*, 76 Ala. 332.

IV. We find no error in the assessment of damages for the detention of the land, of which the defendant can complain.

[Turner, et al. v. White, et al.]

In the other case, *Marcia H. Turner v. George G. White and Charles Alexander* (No. 742), section 601 of the Code of 1886, which is section 107 of the revenue law of 1884-5 (Acts of 1884-5, p. 57), seems to furnish plain direction for the ascertainment of the amount which ought to be refunded to appellee by the appellants, after the judgment in the eject- ment suit in their favor.   It is (1) "the amount of taxes *for which the lands were liable* at the time of the sale, and for the payment of which *they were sold,* with interest thereon from the day of sale; and (2) the amount of *such taxes* on the lands, if any, as the defendant  .  .  .  has *since* such sale lawfully paid, with interest thereon from the date of such payment, the interest on both amounts to be computed at the rate of 12 per cent. per annum."

It is contended by appellee that, under this section, no taxes can be required to be refunded by the party recover- ing in the ejectment suit, except State and county taxes; that the statute does not refer to municipal taxes paid by the purchaser; and that it is incumbent on the purchaser to show that all taxes paid by him were lawfully assessed.   But we can not sustain this contention.   The statute is broad enough to cover all taxes, whether State or municipal, and it would be obviously unjust to deprive the purchaser of the right to have municipal taxes paid by him refunded, when, if he did not pay them, they might be coerced by a sale of the land.   These he would be bound to pay, as well as the State and county taxes, to protect and preserve his title. And it is the duty of the purchaser, in the interest of good citizenship, to pay all taxes as they are levied on his prop- erty under the laws of the State.   Nor will it do to give such a construction to the words *"lawfully paid,"* as employed in the statute, as would require the purchaser to show a technical compliance with all the requirements of the law, to make a perfectly correct assessment of taxes, before he can be allowed to recover taxes paid by him on the redemp- tion of the lands.   Taxes are due and owing without refer- ence to irregularities which may have intervened in their assessment, such as might render a sale of the property for taxes void, and when a purchaser at a tax sale has paid such taxes as have been assessed against the property he pur- chased and are claimed by the proper revenue officers, and which appear not to be incorrect, they are *lawfully* paid by him in the sense of the statute.

The appellees, under the construction we give to the stat- ute, owe the appellant the amount of the State and county taxes which were assessed against the lots, and for which

[Wilcox & Gibbs Guano Co. v. Piedmont Lumber Co.]

they were sold, and the State, county and municipal taxes which have since been paid by her. The court below, in the judgments it rendered, allowed her the State and county taxes paid by her, up to the trial, with interest, as appears, at 25 per cent. per annum, but did not allow her the municipal taxes she showed she had paid since her purchase. The judgment will be corrected and here rendered, including these latter taxes, with the interest prescribed by statute. It should have been, and will be here rendered, for $206.75. The appellee will pay the costs of the appeal in this case (No. 742) in this court and the court below.

Corrected and affirmed.