# Kyle & Elliott *v.* Gadsden Land & Improvement Co.

*Action on Common Counts.*

1. *Bill of exceptions; papers sought to be made part of, by reference.*
A bill of exceptions recited that "plaintiff offered in evidence the following statement in writing, with its indorsements thereon. (Clerk will here set out statement and indorsements.) To the admission of said evidence the defendant objected, and the court sustained the objection." *Held*, that the reference in the bill of exceptions to the "statement and indorsements" was insufficient to authorize the clerk to insert anything.

2. *Writ of certiorari; waiver of irregularity in.*—Where a writ of certiorari was improperly directed, but was received by the proper officer, and the return duly made, a submission of the case without objection because of the improper direction is a waiver of the irregularity.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The plaintiffs excepted to the ruling which is referred to in the opinion, and took a non-suit, with a bill of exceptions, with leave, &c.

JAS. L. TANNER, for appellants.

DORTCH & MARTIN, *contra.*

COLEMAN, J.—In return to the writ of *certiorari* ordered by this court, the clerk of the City Court has sent up a certified transcript of the bill of exceptions as signed by the judge before whom the case was tried. This is the only record of the proceedings on the trial of the case we can consider on appeal as the true bill of exceptions. It contains the following statement: "The plaintiff offered in evidence

[Kyle & Elliott v. Gadsden· Land & Improvement Co.]

the following statement in writing with its endorsements thereon. (Clerk will here set out statement and endorsements.) To the admission of said evidence the defendant, the Gadsden Land & Improvement Company, objected, and the court sustained the objection," &c.

The question to be determined is, whether the reference in the bill of exceptions to the "statement and endorsements" is sufficient to authorize the clerk of the court to insert, as a part thereof, any "statement and endorsements," or whether, after the record has been made up, parol proof is admissible to identify the "statement" referred to. The rule declared by this court is, "The record must.be so complete that a succeeding officer, coming into the place of the one before whom the business was transacted, can not reasonably mistake what was done. Applying this rule to a bill of exceptions, when a document is sought to be made a part of it by reference, and not by copy, it must be so described that a succeeding officer can readily and with certainty know what document or paper is referred to, without reason for mistake."—*Parsons v. Woodward,* 73 Ala. 352. In the case of *Loony v. Bach,* Minor Rep. (Ala.) p. 413, it is declared that a copy of the instrument must be set out in the bill of exceptions, or it must "so describe the paper by its date, amount, parties, or other identifying features as to leave no room for mistake in the transcribing officer." This rule has never been departed from in this State.—*Moore v. Helms,* 77 Ala. 380; *Pearce v. Clements,* 73 Ala. 256; *Strawbridge v. State,* 48 Ala. 308; *Tuscaloosa Co. v. Logan,* 50 Ala. 503.

The only assignments of error are based upon the exclusion by the court of this testimony. As there is nothing in the record to show what testimony was offered, to which the objection was reserved, we must presume it was properly excluded.

The direction of the writ of *certiorari* by the clerk of this court to the clerk of the Circuit Court of Etowah county, instead of to the clerk of the City Court, was a mere clerical error. The writ was received by the proper officer, and the return duly made. The submission of the case without objection to this defect was a waiver of the irregularity. The judgment must be affirmed.

Affirmed.